■ In the Matter of ROBERT F. VAN BRAMER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [758 NYS2d 170] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of solicitation and harassment. The Attorney General concedes, and our review confirms, that there is insufficient evidence to support the charge of solicitation (see 7 NYCRR 270.2 [B] [4] [ii]). Hence, so much of the determination as found petitioner guilty of solicitation is annulled and will be expunged from his institutional record. Inasmuch as the penalty imposed for this violation included a loss of good time, the matter is remitted for a redetermination of the penalty (see Matter of Vanier v Goord, 284 AD2d 598 [2001]).

The remaining charge of harassment arose from petitioner's attempt to initiate a personal relationship with a female employee in a college registrar's office by writing her an unsolicited letter that was disturbing to her. Petitioner, a convicted rapist, sent the employee, who was known to him only because she had responded to his earlier letter to the college whereby he had requested a copy of his transcript, a 4½-page letter professing that he was driven "crazy" by her "sexy" last name and her perfume on the response she had sent to him. Petitioner's letter also stated that he would be released from prison, that he was very familiar with the college and the area where it is located, and that he would be relocating there and could meet her. Although petitioner characterizes his letter as nothing more than a flirtatious effort to obtain a pen pal, our reading finds repeated use of sexual innuendo, requests for personal information and intimate details, and a suggestion of in-person contact in the near future.

Prison disciplinary rule 107.11 prohibits inmates from harassing any person orally or in writing (7 NYCRR 270.02 [B] [8] [ii]). We note that the scope of the conduct covered by such rules can be broader than conduct subject to criminal sanctions (see People v Vasquez, 89 NY2d 521, 532 [1997], cert denied 522 US 846 [1997]), and that a communication "likely to cause annoyance or alarm," even if not repeated, can constitute aggravated harassment in the second degree (see Penal Law § 240.30 [1] [a]). Petitioner's letter can reasonably be read as annoying and alarming because the female employee became

aware of petitioner's rape conviction. Petitioner's contention that he lacked the requisite intent to annoy or alarm is unavailing, for such intent is not an element of the charged misconduct (*see Matter of Dagnone v Goord*, 297 AD2d 869 [2002], *lv denied* 99 NY2d 503 [2002]). Given the deference this Court affords to the interpretation of disciplinary rules by the Commissioner of Correctional Services (*see Matter of Hop Wah v Coughlin*, 160 AD2d 1054, 1056 [1990], *lv denied* 76 NY2d 708 [1990]; *Matter of Blake v Mann*, 145 AD2d 699, 701 [1988], *affd* 75 NY2d 742 [1989]), any doubt in this regard must be resolved in the Commissioner's favor.

As the letter itself and petitioner's admission at the hearing that he authored it constitute substantial evidence of a violation of the cited rule (*see Matter of Surdis v Walsh*, 295 AD2d 735, 736 [2002]; *Matter of Jones v Department of Correctional Servs. of State of N.Y.*, 283 AD2d 805 [2001]), we find no basis to disturb the determination. The remaining issues raised by petitioner have been examined and found to be without merit.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of solicitation and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted for redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.