■ In the Matter of JOSEPH SANDERS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Serices, Respondent. [850 NYS2d 290]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with an attempted sexual act and an attempt to forcibly touch an employee after he tried to kiss a female staff member. Following a tier III disciplinary hearing, he was found guilty of attempted forcible touching. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

The misbehavior report and the hearing testimony of the victim provide substantial evidence to support the determination of guilt (*see Matter of Burgess v Goord*, 45 AD3d 1144, 1145 [2007]; *Matter of Goberdhan v Goord*, 7 AD3d 897, 897 [2004]). Although petitioner is correct that the disciplinary rule that prohibits the forcible touching of an employee does not expressly prohibit the attempt of such conduct (*see* 7 NYCRR 270.2 [B] [2] [ii]), "[i]nmates may be cited for attempts . . . whether or not the text of an actual rule contains such terms" (7 NYCRR 270.3 [b]) and, thus, he was not improperly charged with attempted forcible touching. Finally, petitioner's claim that the hearing was not timely completed is unavailing inasmuch as the necessary extension was obtained due to the unavailability of petitioner's requested witness and the hearing was completed prior to the expiration of that extension (*see Matter of McKinley v Goord*, 40 AD3d 1280, 1280 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]).

Petitioner's remaining contentions, including hearing officer bias, have been reviewed and determined to be without merit.

Cardona, P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.