■ In the Matter of TERENCE WELLS, Petitioner, v KEITH F. DUBRAY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [862 NYS2d 187]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with stalking, harassment and soliciting a sexual act. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found not guilty of stalking but guilty of the remaining charges and a penalty of 365 days in the special housing unit and a corresponding loss of privileges was imposed. Upon administrative review, the penalty was modified to 180 days of confinement/loss of privileges, but the determination was otherwise affirmed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to challenge the underlying determination.

Petitioner's sole contention on review is that the determination is not supported by substantial evidence. With respect to the solicitation charge, we agree. Rule 101.10 provides that "[a]n inmate shall not engage in or encourage, solicit or attempt to force another to engage in sexual acts" (7 NYCRR 270.2 [B] [2] [i]). While petitioner admittedly kissed a facility nurse on the cheek, he was not charged with "forcible touch-

ing" (*see* 7 NYCRR 270.2 [B] [2] [ii]),[1] and such conduct cannot reasonably be construed as the solicitation of a sexual act (*cf. Matter of Sanders v Goord*, 47 AD3d 1183 [2008]). Similarly, while the nurse testified that petitioner "insinuated" and she "thought" that he "wanted more" than a professional relationship with her, she conceded that petitioner did not go into detail or otherwise explain what he meant by "more." In our view, this vague and unspecified request is insufficient to sustain the solicitation charge. Accordingly, this portion of the determination is annulled, and the petition is granted to that extent.

We reach a contrary conclusion, however, with regard to the harassment charge. Although, as noted previously, petitioner did not expressly articulate his desires or explain what type of relationship he wanted with the nurse, the hearing testimony nonetheless establishes that petitioner communicated a message of a personal nature to a facility employee (*see* 7 NYCRR 270.2 [B] [8] [ii]). Thus, notwithstanding the nurse's testimony that petitioner did not harass her, the cited rule is sufficiently broad to encompass petitioner's conduct.[2] Accordingly, the finding of guilt as to the harassment charge is supported by substantial evidence. Inasmuch as petitioner has served his administrative penalty and there was no recommended loss of good time, we need not remit this matter for a redetermination of the penalty imposed (*see Matter of Rodriguez v Selsky*, 50 AD3d 1337, 1337 [2008]).

Peters, J.P., Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of soliciting a sexual act; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

---

1. "Forcible touching includes squeezing, grabbing, pinching and kissing" (7 NYCRR 270.2 [B] [2] [ii]).

2. Rule 107.11 provides, in relevant part, that "[a]n inmate shall not harass an employee or any other person verbally or in writing. Prohibited conduct includes, but is not limited to, using insolent, abusive, or obscene language or gestures, or writing or otherwise communicating messages of a personal nature to an employee or any other person" (7 NYCRR 270.2 [B] [8] [ii]).