*1034 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review two determinations of the Superintendent of Clinton Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner addressed a letter to a female correction officer using her first name and was warned that he was not to continue to engage in such conduct. He wrote her another letter apologizing for his behavior in the law library. As a result, he was charged in a misbehavior report with harassment and refusing a direct order. Following a tier II disciplinary hearing, he was found guilty of the charges, and the determination was affirmed on administrative appeal.
A few days after the first misbehavior report was written, petitioner was in the law library and requested a copy of his legal work. When the correction officer on duty in the library denied his request because petitioner did not have money in his inmate account, petitioner began to argue with the officer. Petitioner disregarded the officer’s order to keep his voice down and became disruptive, causing other inmates in the library to stop working. As a result, he was charged in a second misbehavior report with creating a disturbance and refusing a direct order. Following a tier II disciplinary hearing, he was found guilty of these charges, and this determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.
First addressing the determination finding petitioner guilty of creating a disturbance and refusing a direct order, we conclude that the second misbehavior report, together with the testimony provided by correction officials at the second hearing, provide substantial evidence supporting the determination of guilt (see Matter of Bookman v Fischer, 107 AD3d 1260, 1260 [2013]; Matter of Amaker v Bezio, 98 AD3d 1146, 1146 [2012]). Although petitioner asserts that he was improperly denied the testimony of certain inmates and/or their refusal forms, this claim has not been preserved for our review due to his failure to raise it at the second hearing (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1301 [2011]).
We reach a different conclusion, however, with respect to the *1035 determination finding petitioner guilty of harassment and refusing a direct order in regard to a letter he sent to a female correction officer. As relevant here, the disciplinary rule relative to harassment prohibits inmates from “writing or otherwise communicating messages of a personal nature to an employee” (7 NYCRR 270.2 [B] [8] [ii]), and we do not find the language at issue here to be of a personal nature so as to establish a violation (compare Matter of Wells v Dubray, 53 AD3d 966, 967 [2008]; Matter of Van Bramer v Selsky, 303 AD2d 808, 808-809 [2003]). Moreover, while petitioner was previously admonished for writing a letter that addressed the officer by her first name, the letter at issue did not do so. Consequently, there is no basis for the determination finding petitioner guilty of violating a direct order by sending this letter. In view of the foregoing, we conclude that the determination finding petitioner guilty of harassment and refusing a direct order as charged in the first misbehavior report is not supported by substantial evidence and must be annulled (see e.g. Matter of Farooq v Fischer, 99 AD3d 709, 711 [2012]; Matter of Kempsey v Fischer, 98 AD3d 1155, 1156 [2012]). In view of our disposition, we need not address petitioner’s remaining claims.
Peters, EJ., Stein, Garry and Egan Jr., JJ., concur.
Adjudged that the determination finding petitioner guilty of harassment and refusing a direct order is annulled, without costs, petition granted to that extent, and the Superintendent of Clinton Correctional Facility is directed to expunge all references thereto from petitioner’s institutional record. Adjudged that the determination finding petitioner guilty of creating a disturbance and refusing a direct order is confirmed, without costs, and petition dismissed to that extent.