*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    517991
_____

In the Matter of WAYNE GARDINE,
                    Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:   September 16, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                        _____


        Wayne Gardine, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Acting Commissioner of
Corrections and Community Supervision which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in a misbehavior
report with a urinalysis testing violation and refusing a direct
order as a result of an incident that occurred on February 23,
2013.  Several hours later, petitioner defecated in his hands and
was charged in a second misbehavior report with refusing a direct
order and committing an unhygienic act.  He was found guilty as
charged following a combined tier III disciplinary hearing, and
that determination was upheld on administrative appeal.  This

CPLR article 78 proceeding ensued.

Initially, we conclude, as respondents concede, that substantial evidence does not support the determination of guilt with respect to the first misbehavior report. Thus, it must be annulled.

Turning to the second misbehavior report, after carefully reviewing petitioner's submissions to this Court, we reject respondents' assertion that petitioner abandoned his challenge to the determination of guilt as to the charges contained therein (see Matter of Hinton v Fischer, 108 AD3d 1000, 1001 [2013]). We also conclude that substantial evidence does not support such determination.[1] According to the allegations in the second misbehavior report, petitioner told the correction officer that he needed to defecate and the officer stated that the area sergeant would be notified. When petitioner informed the officer that he could not wait any longer, the officer "ordered him to wait until the area [sergeant] arrived," and petitioner proceeded to defecate in his hand. The misbehavior report itself noted petitioner's professed physical inability to refrain from defecating, and the record is bereft of any allegation or proof that petitioner did so purposefully. Under these particular circumstances, we conclude that the determination finding petitioner guilty of the charges in the second misbehavior report is not supported by substantial evidence and must also be annulled (see Matter of Fulton v Chase, 115 AD3d 1033, 1034 [2014]; compare Matter of Lopez v Fischer, 115 AD3d 1098, 1099 [2014]).

Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ., concur.

---

[1] In lieu of a brief, respondents submitted to this Court a letter in which they limited their arguments regarding the second misbehavior report to the question of whether petitioner has abandoned his claims and did not address whether the finding of guilt as to that misbehavior report was supported by substantial evidence.

ADJUDGED that the determination is annulled, without costs, petition granted, and respondent Acting Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court