*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                521180
_____

In the Matter of KESTER SANDY,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

D. VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:   October 27, 2015

Before:  Peters, P.J., McCarthy, Garry and Clark, JJ.

_____

        Kester Sandy, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        After a correction officer twice ordered petitioner, who
was working in the prison law library, to turn in the typewriter
ribbon and wheel he was using so that another inmate could use
them, petitioner banged his chair against the table, yelled
profanities, slammed the items on the officer's desk breaking
them and shouted a further profanity.  As a result, petitioner
was charged in a misbehavior report with creating a disturbance,
violent conduct, refusing a direct order, harassment and damaging

property.  Following a tier III disciplinary hearing, he was found guilty of all charges except violent conduct.  The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and testimony of its author and of other inmates who were present, as well as petitioner's admission that he did not relinquish the items when directed to do so, provide substantial evidence to support the determination (see Matter of Clark v Fischer, 120 AD3d 1468, 1469 [2014], lv denied 24 NY3d 912 [2015]).  The inmates' testimony contradicting some aspects of the correction officer's account presented a credibility issue for the Hearing Officer to resolve (see Matter of James v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1537, 1537-1538 [2015]; Matter of Watson v Fischer, 108 AD3d 1006, 1007 [2013]).  While there are some gaps in the transcript, we do not find that they materially impacted the testimony elicited by petitioner or preclude meaningful review (see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]).  Further, the record contains no support for petitioner's claim of hearing officer bias (see Matter of Clark v Fischer, 120 AD3d at 1469), and his allegation that the Hearing Officer made off-the-record statements reflecting that he had prejudged the charges is raised for the first time on review to this Court and, thus, it is not preserved for our review and may not be considered (see Matter of Russo v Annucci, 130 AD3d 1124, 1124 [2015]).  Finally, the record reflects that the hearing was timely completed pursuant to authorized extensions (see Matter of McFadden v Prack, 120 AD3d 853, 855 [2014], lv dismissed 24 NY3d 930, lv denied 24 NY3d 908 [2014]).

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court