Matter of Wigfall v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 02869)





Matter of Wigfall v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 02869


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525700

[*1]In the Matter of JOSEPH WIGFALL, Petitioner, 
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: March 2, 2018

Before: Egan Jr., J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Joseph Wigfall, Comstock, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Kathleen Treasure of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Washington Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with making threats and harassment. According to the report, petitioner approached a correction officer, pointed his finger and, in a very threatening tone, exclaimed, "you WILL be paying me for my job today." When the correction officer asked if that was a threat, petitioner replied that the correction officer could take it any way that he wanted. Following a tier II disciplinary hearing, petitioner was found guilty of both charges. Upon
administrative appeal, the determination was modified by dismissing the charge of making a threat but was otherwise affirmed. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report and testimony from the correction officer who authored it and was involved in the incident provides substantial evidence to support the determination of guilt (see Matter of Newsome v Selsky, 26 AD3d 565, 566 [2006]; Matter of Barber v Selsky, 17 AD3d 950, 951 [2005]). The rule prohibiting harassment is sufficiently broad to encompass petitioner's insolent behavior toward the correction officer (see 7 NYCRR 270.2 [B] [8] [ii]; Matter of Wells v Dubray, 53 AD3d 966, 967 [2008]). Although petitioner denied that the incident occurred, this created a credibility issue for the Hearing Officer to resolve (see Matter of Medina v Prack, 144 AD3d 1273, 1274 [2016]; Matter of Spikes v Fischer, 100 AD3d 1231, 1231 [2012], lv denied 20 NY3d 862 [2013]). Petitioner's contention that the Hearing Officer was biased is not preserved for our review due to his failure to raise it on administrative appeal (see Matter of Sandy v Venettozzi, 134 AD3d 1346, 1347 [2015], lv [*2]denied 27 NY3d 904 [2016]; Matter of Rico v Fischer, 112 AD3d 1249, 1250 [2013]). Petitioner's remaining contention is without merit.
Egan Jr., J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.