■ In the Matter of CHARLES ARDALE, Petitioner, v JOHN KEANE, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [760 NYS2d 563] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating prison disciplinary rules prohibiting inmates from refusing to obey direct orders and from being "out of place." Supreme Court granted respondents' motion to dismiss the petition as time-barred, but we reversed and remitted the matter for further proceedings (289 AD2d 661 [2001]). Following joinder of issue, Supreme Court transferred the matter to this Court, and we confirm.

According to the misbehavior report, petitioner attempted to speak to a teacher at the facility about a pending inmate grievance despite a direct order not to have such contact with this employee. In our view, the misbehavior report, the testimony of the teacher who authored that report, as well as the testimony of the education supervisor who gave petitioner the direct order, provide substantial evidence to support the Hearing Officer's determination of guilt (*see Matter of Williams v Goord,* 301 AD2d 983 [2003]; *Matter of Borcsok v Selsky,* 296 AD2d 678, 678 [2002], *lv denied* 98 NY2d 616 [2002]). We find no error in the Hearing Officer's refusal to call two witnesses who had no personal knowledge of the events at issue (*see Matter of Herring v Goord,* 300 AD2d 724 [2002], *lv denied* 99 NY2d

510 [2003]; *Matter of Hernandez v Selsky*, 296 AD2d 677 [2002]), or in his decision to allow certain witnesses to testify by speaker phone (*see Matter of Murphy v Goord*, 272 AD2d 730 [2000]; *Matter of Faison v Goord*, 268 AD2d 634, 635 [2000]). Further, inasmuch as petitioner directly put his earlier grievance in issue by alleging that the instant misbehavior report was in retaliation for having filed that grievance, we do not find that his employee assistant's submission of the grievance, or the Hearing Officer's consideration thereof, was improper. Petitioner's remaining allegations, including his allegation of hearing officer bias, have been reviewed and found to be unavailing.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.