■ In the Matter of FRANCIS SMYTHE, Petitioner, v GLENN GOORD, Respondent. [836 NYS2d 437]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of Glenn Goord, Commissioner of the New York State Department of Correctional Services, dated September 26, 2002, which affirmed a determination of a hearing officer dated August 20, 2002, made after a tier III disciplinary hearing, finding the petitioner guilty of violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The hearing officer's determination that the petitioner used a controlled substance, thus violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]) was supported by substantial evidence. During the hearing, the hearing officer considered, inter alia, a misconduct report and two urinalysis reports which indicated that the petitioner tested positive for opiates (*see Matter of Foster v Coughlin,* 76 NY2d 964, 966 [1990]; *Matter of Lahey v Kelly,* 71 NY2d 135 [1987]; *see also Matter of Thompson v Goord,* 37 AD3d 914 [2007]).

The petitioner failed to preserve his claim that the hearing officer should have recused himself, by failing to raise that issue at the hearing (*see e.g. Matter of Blackshear v Coughlin,* 185 AD2d 493 [1992]; *cf. Matter of Cepeda v Goord,* 39 AD3d 640 [2007]; *Matter of Royster v Goord,* 26 AD3d 503 [2006]). In any event, this contention is without merit. There is no evidence in the record to support the petitioner's contention that the hearing officer was biased (*see Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833 [1989]; *Matter of Galdamez v Davis,* 11 AD3d 535 [2004]), and there is no indication that the outcome of the hearing was affected by any alleged bias on the part of the hearing officer (*see Matter of Rosa v Coombe,* 238 AD2d 814 [1997]).

The petitioner's remaining contention is without merit (*see Matter of Montalalou v Coombe,* 242 AD2d 917 [1997]; *see also Matter of Zinnamon v Selsky,* 261 AD2d 682 [1999]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.