■ In the Matter of GREGORY MINGO, Petitioner, v GLENN S. GOORD, Respondent. [841 NYS2d 886]—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services dated January 18, 2006, which confirmed a decision of a hearing officer dated October 18, 2005, made after a tier III disciplinary hearing, finding the petitioner guilty of violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The hearing officer's determination that the petitioner used a controlled substance, thus violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]) was supported by substantial evidence (*see Matter of Smythe v Goord*, 41 AD3d 608, 609 [2007]). During the hearing held on September 30, 2005 and October 16, 17, and 18, 2005, the hearing officer considered, inter alia, a misbehavior report and two urinalysis reports which indicated that the petitioner tested positive for opiates and cannabinoids (*id*; *see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Lahey v Kelly*, 71 NY2d 135, 138 [1987]; *see also Matter of Thompson v Goord*, 37 AD3d 914 [2007]), as well as the testimony of two corrections officers, one of whom had tested the urine sample provided by the petitioner.

The petitioner's remaining contentions are without merit. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.