■ In the Matter of RICHARD REYES, Petitioner, v LUCIAN F. LECLAIRE, JR., Respondent. [853 NYS2d 899]—

When reviewing a prison disciplinary determination, the court must decide whether the determination was supported by substantial evidence (*see Matter of Ramsey v Phillips,* 11 AD3d 470 [2004]; *Matter of Glover v Goord,* 262 AD2d 483 [1999]). Here, a review of the record, including the misbehavior report

and the testimony of Correction Officer Miller, reveals that there was substantial evidence to support the respondent's determination that the petitioner violated prison rules. The credibility issues were resolved by the Hearing Officer as the trier of fact and we perceive no basis upon which to disturb his determination (*see Matter of Gilzene v McGinnis,* 300 AD2d 658 [2002]; *Matter of Ramos v Goord,* 286 AD2d 392 [2001]; *Matter of Rivera v Selsky,* 266 AD2d 295 [1999]).

The petitioner contends that the hearing was unfair in that he was denied an opportunity to present evidence of a previous involuntary protective custody (hereinafter IPC) report filed against him. However, the prior IPC report was irrelevant since the petitioner failed to demonstrate how the document had any bearing on this case. Thus, it was properly excluded by the Hearing Officer (*see Matter of Caraway v Herbert,* 285 AD2d 778, 779 [2001]).

The petitioner failed to demonstrate that the Hearing Officer was biased against him. The record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any bias on the part of the Hearing Officer (*see Matter of Griffin v Goord,* 43 AD3d 591, 592 [2007]; *Matter of Cayenne v Goord,* 16 AD3d 782, 783-784 [2005]). Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.