■ In the Matter of RICARDO LARA, Petitioner, v KEITH DUBRAY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [862 NYS2d 389]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer followed a trail of broken pieces of plastic to petitioner's cell, where he observed a piece of videotape lying on the cell floor, petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit the destruction of state property and the possession of contraband. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty as charged and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination.

Preliminarily, we reject petitioner's assertion that the hearing was not completed in a timely manner. The record reflects that a valid extension was granted and that petitioner was so advised. In any event, the relevant time limits are directory, not mandatory, and there is no indication that petitioner was prejudiced by the resulting delay (*see Matter of Chaney v Selsky*, 37 AD3d 983, 984 [2007]). Petitioner's claim that he was denied the right to present relevant documentary evidence is equally unpersuasive, as there is no indication that the requested documents actually existed (*see Matter of Lebron v McGinnis*, 26 AD3d 658, 659 [2006], *lv denied* 7 NY3d 704 [2006]).

Nor do we find merit to petitioner's claim that he was denied due process because he was not permitted to witness the search of his cell. The correction officer who authored the misbehavior report testified that petitioner's cell was searched for the remnants of a broken VCR and certain videotapes. As the correction officer could not be certain that all of the metal pieces from the VCR had been recovered, he placed petitioner in handcuffs and secured him in another location for safety reasons. Under such circumstances, we find no due process violation (*see Matter of Llull v Coombe*, 238 AD2d 761, 762 [1997], *lv denied* 90 NY2d 804 [1997]; *compare Matter of Gonzalez v Wronski*, 247 AD2d 767, 767-768 [1998]).

Finally, the written misbehavior report, together with the testimony of the correction officers, provide substantial evidence of petitioner's guilt (*see Matter of Ackridge v Ekpe*, 42 AD3d 827, 828 [2007]). Contrary to petitioner's assertion, the misbehavior report was sufficiently detailed to apprise him of the charges against him and enable him to prepare a defense. To the extent that petitioner argues that he did not steal state property, we need note only that the relevant rule is sufficiently broad to encompass the conduct charged (*see* 7 NYCRR 270.2 [B] [17] [i]).

Cardona, P.J., Spain, Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.