■ In the Matter of ANTWANE CARLISLE, Petitioner, v WIL-LIAM LEE, Superintendent, Green Haven Correctional Facility, Respondent. [946 NYS2d 483]—Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated June 15, 2010, which confirmed a determination of a hearing officer dated June 8, 2010, made after a tier II disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rule 116.10 (7 NYCRR 270.2 [B] [17] [i]), and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

When reviewing a prison disciplinary determination, the court must decide only whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *Matter of Reyes v Leclaire*, 49 AD3d 884 [2008]; *Matter of Blanco v Selsky*, 45 AD3d 679, 679-680 [2007]; *Matter of De La Cruz v Selsky*, 36 AD3d 907 [2007]). Here, contrary to the petitioner's contention, the determination that he violated prison disciplinary rule 116.10 (7 NYCRR 270.2 [B] [17] [i]) was supported by substantial evidence (*see Matter of Mills v Fischer*, 85 AD3d 1033 [2011]; *Matter of Mabry v Maddox*, 57 AD3d 1000 [2008]; *Matter of Lewis v Connolly*, 44 AD3d 665 [2007]).

The petitioner failed to demonstrate that the hearing officer was biased against him. The record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer (*see Matter of Reyes v Leclaire*, 49 AD3d at 885; *Matter of Smythe v Goord*, 41 AD3d 608, 609 [2007]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.