*710 The petitioner was charged with violating prison disciplinary rules 103.20 (two counts), 106.10, and 107.11 (7 NYCRR 270.2 [B] [4] [ii]; [7] [i]; [8] [ii]). Those rules prohibit inmates from, inter alia, soliciting goods or services from prison staff, harassing any prison employee, and disobeying a direct order. The charges were based on two misbehavior reports which allege that, on two occasions, the petitioner solicited certain information from a prison librarian regarding magazine subscriptions that were available on the Internet. The misbehavior reports further charge that, following the petitioner’s first alleged solicitation of information from the librarian, a corrections officer gave the petitioner a direct order not to request any information from the internet. However, the misbehavior reports allege that the petitioner solicited information from the librarian a second time, in violation of the direct order. In addition, it was alleged that, after the librarian declined to comply with the petitioner’s second alleged solicitation of information, the petitioner “hover[ed]” near the librarian’s work area for an extended period of time, causing her to feel uncomfortable.
Following a tier III disciplinary hearing, the petitioner was found guilty of all the charges. Upon the petitioner’s administrative appeal of the hearing officer’s determination, the Acting Director of Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as Commissioner of the New York State Department of Correctional Services (hereinafter the respondent), confirmed the determination.
The petitioner commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Dutchess County, to challenge the determination. In an order dated January 20, 2011, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
*711 “A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence” (Matter of Adamson v Barto, 37 AD3d 597, 598 [2007]; see CPLR 7803 [4]; Matter of Vaughn v Orlando, 79 AD3d 1048, 1049 [2010]; Matter of Reyes v Goord, 49 AD3d 546 [2008]).
Here, the determination that the petitioner violated prison disciplinary rules 103.20 and 107.11 was not supported by substantial evidence. Specifically, the evidence was insufficient to demonstrate that the petitioner’s two requests for information from the prison librarian regarding magazine subscriptions that were available on the Internet constituted solicitations of “goods and services” that were prohibited by rule 103.20 (7 NYCRR 270.2 [B] [4] [ii]). Further, the evidence was insufficient to demonstrate that the petitioner’s mere presence in the library, absent any communication with the prison librarian, constituted harassment of prison staff as prohibited by rule 107.11 (see 7 NYCRR 270.2 [B] [8] [ii]).
However, the evidence presented at the hearing, including the misbehavior reports and the petitioner’s plea of guilty, provide substantial evidence to support the determination that the petitioner was guilty of disobeying a direct order in violation of rule 106.10 (see 7 NYCRR 270.2 [B] [7] [i]).
The penalty imposed for the four rule violations has already been served. Since there was no recommended loss of good-time credit, there is no need to remit the matter to the respondent for reconsideration of the penalty insofar as it relates to the violation of the prison disciplinary rules which we have sustained (see Matter of Rodriguez v Fischer, 96 AD3d 1374 [2012]; Matter of Maybanks v Goord, 306 AD2d 839, 840 [2003]). Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.