Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Bedford Hills Correctional Facility dated June 18, 2010, which confirmed a determination of a hearing officer dated May 18, 2010, made after a tier III superintendent’s hearing, finding the petitioner guilty of violating certain prison disciplinary rules, and imposing penalties.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner commenced this CPLR article 78 proceeding seeking to review a determination, following a tier III superintendent’s hearing, that she violated inmate rules 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [failure to obey an order]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]), 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment of an employee]), and *693 109.12 (7 NYCRR 270.2 [B] [10] [iii] [movement violation]). At the superintendent’s hearing (see 7 NYCRR part 254), the petitioner admitted to most of the conduct underlying the violations, but maintained that the subject dispute arose because the correction officer involved was rude to her, cursed at her, and threatened her. She asserted that if certain video and audio tapes of the area in which the incident occurred were reviewed, they would show that her representations were accurate. In this CPLR article 78 proceeding, the petitioner contends that she was improperly denied access to those tapes, which she requested in accordance with 7 NYCRR 254.6 (a) (3).
Certain portions of the hearing were not transcribed because they were inaudible, leaving unanswered the questions of whether the hearing officer viewed the subject tapes, whether the subject tapes existed, and why the tapes were unavailable to the petitioner. Remittal, however, is not warranted under these circumstances (cf. Matter of Baez v Bezio, 77 AD3d 745, 746 [2010]), as any error in denying the petitioner’s requests was harmless. Even if the subject tapes confirmed the petitioner’s representations about the correction officer’s behavior, she was not at liberty to violate the prison rules (see Matter of Rivera v Smith, 63 NY2d 501, 515-516 [1984]; Matter of Hogan v Fischer, 90 AD3d 1544, 1545 [2011]; Matter of Parrilla v Senkowski, 300 AD2d 870, 871 [2002]; Matter of Farid v Coombe, 236 AD2d 660 [1997]; Matter of Keith v Coombe, 235 AD2d 879, 880 [1997]). “Petitioner’s only acceptable course of action was to obey the order and file a grievance” (Matter of Parrilla v Senkowski, 300 AD2d at 871; see Matter of Rivera v Smith, 63 NY2d at 515-516).
The determination that the petitioner committed the charged violations was supported by substantial evidence (see generally Matter of Bryant v Coughlin, 77 NY2d 642, 647 [1991]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
The petitioner failed to demonstrate that the hearing officer was biased against her. The record reveals that the hearing was conducted in a fair and impartial manner, and that the determination was not the result of any alleged bias on the part of the hearing officer (see Matter of Carlisle v Lee, 96 AD3d 837 [2012]; Matter of Reyes v Leclaire, 49 AD3d 884, 885 [2008]; Matter of Smythe v Goord, 41 AD3d 608, 609 [2007]; Matter of Cepeda v Goord, 39 AD3d 640, 641 [2007]; Matter of De La Cruz v Selsky, 36 AD3d 907 [2007]).
Inasmuch as it appears from the record that the petitioner has already served her administrative penalty and there was no recommended loss of good-time credit, the petitioner’s argu *694 ment that the penalty imposed was disproportionate to the offenses has been rendered academic (cf. Matter of Farooq v Fischer, 99 AD3d 709 [2012]; Matter of Rodriguez v Fischer, 96 AD3d 1374, 1375 [2012]; Matter of Maybanks v Goord, 306 AD2d 839, 840 [2003]).
The petitioner’s remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.