■  In the Matter of DANIEL BENITO, Petitioner, v B. CALERO, Respondent. [961 NYS2d 190]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services dated August 19, 2010, which affirmed a determination of a hearing officer dated June 8, 2010, as modified June 30, 2010, made after a tier III disciplinary hearing, that the petitioner was guilty of violating prison disciplinary rules 113.13 and 113.23 (7 NYCRR 270.2 [B] [14] [iii], [xiii]).

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, the respondent is directed to expunge all references to the determination from the petitioner's institutional record, and the matter is remitted to the respondent for further proceedings in accordance herewith if the respondent be so advised.

The petitioner, an inmate at the Sing Sing Correctional Facility, was charged with violating two prison disciplinary rules for having alcohol in his cell (see 7 NYCRR 270.2 [B] [14] [iii], [xiii]). The petitioner had not been present during the search of his cell, and he requested that two inmates who allegedly had been present be called as witnesses regarding the search. The hearing officer denied the petitioner's request on the ground

that the inmates' testimony would be irrelevant. The hearing officer, however, had not permitted the petitioner to fully explain his reasons for wanting the inmates to testify before she denied his request. In addition, when the petitioner sought to question a witness about his conclusion that the substance found in the petitioner's cell was alcohol, the hearing officer again refused his request. At the conclusion of the hearing, the hearing officer found the petitioner guilty of both charges and imposed a penalty. After the penalty was modified on discretionary review, the Commissioner's designee affirmed the determination as it had been modified.

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Farooq v Fischer*, 99 AD3d 709, 711 [2012]; *Matter of Vaughn v Orlando*, 79 AD3d 1048, 1049 [2010]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "[S]ubstantial evidence is less than a preponderance of the evidence and, as a burden of proof, it demands only that a given inference is reasonable and plausible, not necessarily the most probable" (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997] [citation and internal quotation marks omitted]). Here, there was substantial evidence at the hearing supporting a finding that the petitioner was guilty of violating the charged prison disciplinary rules. Because the nature of alcohol is a matter of common knowledge, no special expertise or scientific testing is required (*see Matter of Sorrentino v Fischer*, 78 AD3d 1354, 1355 [2010]; *Matter of Hernandez v Selsky*, 62 AD3d 1177, 1178 [2009]; *Matter of Collins v Goord*, 272 AD2d 703 [2000]). The testimony of the officers at the hearing was sufficient to establish that the substance was alcohol. The petitioner's denial merely presented a credibility issue (*see Matter of O'Reilly v Goord*, 270 AD2d 858, 858 [2000]).

Nevertheless, the petition must be granted. "A hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation" (*Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]; *see Matter of Edwards v Fischer*, 87 AD3d 1328, 1330 [2011]; *Matter of Reyes v Goord*, 20 AD3d 830, 831 [2005]). Indeed, the rules of the Department of Corrections and Community Supervision expressly provide that inmates have a conditional right to call

witnesses. "The inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals. If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals presented" (7 NYCRR 254.5 [a]). Although, under these rules, a hearing officer does not violate an inmate's due process rights by precluding testimony that is redundant or irrelevant (*see Matter of Farooq v Fischer*, 99 AD3d 709 [2012]; *Matter of Thomas v Bennett*, 271 AD2d 768, 768 [2000]), the hearing officer could not have known whether the proposed witnesses' testimony would have been relevant, because she repeatedly refused to allow the petitioner to explain why he wanted the witnesses to testify. Further, the hearing officer refused to allow the petitioner to question the witnesses who did testify. Under these circumstances, the determination must be annulled and the matter remitted for further proceedings if the respondent be so advised (*see Matter of Edwards v Fischer*, 87 AD3d at 1329-1330). In the event a new hearing is held, such hearing must be before a different hearing officer. Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.