Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
While escorting a group of inmates back from the gym, a correction officer noticed a bulge in the top of petitioner’s right *1345 sock. After the officer ordered him to empty his pockets and place his items on a nearby heater, petitioner reached for his sock. In response, the officer forced him against the wall causing petitioner to drop a razor-type weapon that he had retrieved. Other correction officers assisted and a struggle ensued during which one officer was struck in the forehead by petitioner’s right elbow. Petitioner ignored directives to stop resisting. The officers ultimately gained control of petitioner, placed him in handcuffs and recovered the weapon. Petitioner was later charged in a misbehavior report with assaulting staff, refusing a direct order, possessing a weapon, engaging in violent conduct and violating frisk procedures. Following a rehearing of a tier III disciplinary proceeding, petitioner was found guilty of all of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the testimony of the correction officers familiar with the incident, provide substantial evidence supporting the determination of guilt (see Matter of McPherson v Lee, 101 AD3d 1330, 1331 [2012]; Matter of Moreno v Fischer, 100 AD3d 1167,1167 [2012]). Petitioner’s claim that the misbehavior report was written in retaliation for grievances he had filed against certain correction officers in B block presented a credibility issue for the Hearing Officer to resolve (see Matter of McPherson v Lee, 101 AD3d at 1331; Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]).
In addition, we find no merit to petitioner’s contention that he was improperly denied witnesses. As for the two unnamed correction officers that petitioner claims were present at the time of the incident, the Hearing Officer exercised diligent efforts to identify them and eventually interviewed the two individuals who petitioner described (see Matter of Jones v Bellamy, 80 AD3d 1029, 1030 [2011]). They indicated that they did not have personal knowledge of the incident nor did the Deputy of Administration, who petitioner also requested as a witness. Consequently, the testimony of these witnesses was irrelevant to the charges (see Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]; Matter of Pante v Goord, 73 AD3d 1394, 1395 [2010]). Further, we find nothing in the record to indicate that petitioner was denied a fair and impartial hearing or that the determination flowed from any alleged bias on the part of the Hearing Officer (see Matter of Fragosa v Miller, 95 AD3d 1524, 1525 [2012]; Matter of Gonzalez v Fischer, 93 AD3d 1049, 1049 [2012], lv denied 19 NY3d 806 [2012]). Petitioner’s remaining arguments have been considered *1346 and have been found to be unavailing. Therefore, we find no reason to disturb the determination of guilt.
Peters, EJ., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.