■ In the Matter of CARRY GREAVES, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [969 NYS2d 244]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking to challenge a tier III disciplinary determination rendered after a hearing finding him guilty of interference with an employee, a movement violation and refusing a direct order. According to the misbehavior report, petitioner aggressively approached a correction officer on commissary duty and demanded to know if she had a problem with some pictures on his wall. Petitioner reportedly refused to stand back when

---

ordered to do so and, after he was ordered to leave the area and lock in his cell, he instead entered the commissary area. Following petitioner's administrative appeal, the determination of guilt was affirmed.

We confirm. The detailed misbehavior report, along with the testimony of the hearing witnesses, provide substantial evidence to support the determination of guilt (see Matter of Fernandez v Fischer, 105 AD3d 1287, 1288 [2013]). Although the version of events relayed by petitioner and his inmate witnesses conflicted with that of the correction officer who authored the report, this presented a credibility question to be resolved by the Hearing Officer (see Matter of Lewis v Fischer, 101 AD3d 1317, 1317 [2012]; Matter of Blocker v Hetrick, 100 AD3d 1302, 1303 [2012]).

We have examined petitioner's remaining arguments, including his claim that the Hearing Officer improperly denied his request for a staff witness who petitioner acknowledged was on a different floor at the time of the incident (see Matter of Blackwell v Fischer, 106 AD3d 1346, 1346 [2013]; Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013]), and find them to be unpersuasive.

Rose, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.