■  In the Matter of BENJAMIN STEPHENS, JR., Petitioner, v WILLIAM A. LEE et al., Respondents. [982 NYS2d 537]—

Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility, dated November 1, 2010, which affirmed a determination of a hearing officer dated September 13, 2010, made after a tier III disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules 102.10 (7 NYCRR 270.2 [B] [3] [i]) and 104.11 (7 NYCRR 270.2 [B] [5] [ii]), and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the misbehavior report and the testimony of a prison official, among others, constituted substantial evidence to support the hearing officer's determination that the petitioner violated the subject prison disciplinary rules (*see Matter of Ojeda v Venettozzi*, 99 AD3d 914 [2012]; *Matter of Reyes v Goord*, 49 AD3d 546 [2008]). The credibility issues were resolved by the hearing officer as the trier of fact, and we find no basis upon which to disturb his determination (*see Matter of Ojeda v Venettozzi*, 99 AD3d at 914; *Matter of Reyes v Leclaire*, 49 AD3d 884, 885 [2008]; *Matter of Reyes v Goord*, 49 AD3d at 546).

There is no merit to the petitioner's contention that he was deprived of his right to call certain witnesses. The hearing officer made reasonable, albeit unsuccessful, efforts to identify and locate a correction officer that the petitioner requested as a witness (*see Matter of Aguirre v Fischer*, 111 AD3d 1219 [2013]; *Matter of Possert v Fischer*, 106 AD3d 1350, 1351 [2013]; *Matter of Callender v Selsky*, 41 AD3d 1065, 1066 [2007]). The testimony of the petitioner's psychologist was not relevant as he had no personal knowledge of the incident (*see* 7 NYCRR 254.5 [a]; *Matter of Fero v Prack*, 110 AD3d 1128 [2013]; *Matter of Rivera v Prack*, 97 AD3d 879, 880 [2012]). Further, the hearing officer used reasonable efforts to recall a nurse as a witness and, in any event, such testimony would have been redundant in light of the testimony of other witnesses (*see* 7 NYCRR 254.5 [a]; *Matter of Rahman v Fischer*, 59 AD3d 450, 451 [2009]).

The petitioner failed to demonstrate that the hearing officer was biased, as the record reveals that the hearing was conducted in a fair and impartial manner and that the determination was

not the result of any alleged bias on the part of the hearing officer (*see Matter of Harris v Kaplin*, 102 AD3d 692, 693 [2013]; *Matter of Carlisle v Lee*, 96 AD3d 837 [2012]; *Matter of Reyes v Leclaire*, 49 AD3d at 885).

Contrary to the petitioner's contention, the minor gaps and errors in the hearing transcript did not preclude meaningful review of the hearing (*see Matter of Gaston v Fischer*, 109 AD3d 1063, 1064 [2013]; *Matter of Merritt v Fischer*, 108 AD3d 993, 994-995 [2013]; *cf. Matter of White v Fischer*, 73 AD3d 1372 [2010]).

The petitioner's remaining contention is without merit. Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.