■ In the Matter of QUINCY WADE, Appellant, v BRIAN FISCHER, as Commissioner of the New York State Department of Corrections and Community Supervision, Respondent. [989 NYS2d 378]—

In a proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, Director, Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as Commissioner of the New York State Department of Corrections and

Community Supervision, dated November 22, 2011, which affirmed a determination of a hearing officer dated September 23, 2011, made after a tier III disciplinary hearing, finding the petitioner guilty of violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), dated April 18, 2012, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that the determination dated November 22, 2011, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

On September 12, 2011, the petitioner, an inmate in the New York State Department of Corrections and Community Supervision, was served with a misbehavior report charging him with drug use following a urinalysis performed on September 9, 2011. Following a disciplinary hearing, the petitioner was found guilty of the charge. Upon the petitioner's administrative appeal of the hearing officer's determination, the respondent affirmed the determination.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Westchester County, to challenge the determination. By judgment dated April 18, 2012, the Supreme Court denied the petition and, in effect, dismissed the proceeding, determining that there was a rational basis for the hearing officer's determination. Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo (*see Matter of Marcus v New York City Hous. Auth.*, 106 AD3d 1088, 1088 [2013]; *Matter of Huth v Barr*, 56 AD3d 556, 557 [2008]).

The hearing officer's determination that the petitioner used a controlled substance, thus violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), was supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Mingo v Goord*, 44 AD3d 668, 668 [2007]; *Matter of Smythe v Goord*, 41 AD3d 608, 609 [2007]). Further, the petitioner failed to demonstrate that the hearing officer was biased against him. The hearing was conducted in a fair and impartial manner, and there was no evidence that the determination was the result of any alleged bias on the part of the hearing officer (*see Matter of Reyes v Leclaire*,

49 AD3d 884, 885 [2008]; *Matter of Smythe v Goord*, 41 AD3d at 609).

The petitioner's remaining contentions are without merit. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.