■ In the Matter of AARON CALLENDER, Petitioner, v ALBERT PRACK, Director of Special Housing Unit, Respondent. [7 NYS3d 604]—Proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, the Director of the Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as Commissioner of the New York State Department of Correctional Services, dated September 17, 2013, which affirmed a determination of a hearing officer dated July 12, 2013, made after a tier III disciplinary hearing, that the petitioner was guilty of violating prison disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Following a disciplinary hearing, the petitioner, an inmate in

custody of the New York State Department of Corrections and Community Supervision, was found guilty of violating prison disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), which prohibits unauthorized use of controlled substances. Upon the respondent's affirmance of the hearing officer's determination, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to challenge that determination.

The hearing officer's determination that the petitioner used a controlled substance, thus violating disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), was supported by substantial evidence, including two urinalysis tests and the testimony of the correction officer who obtained the urine specimen and performed the test (*see* CPLR 7803 [4]; *Matter of Mingo v Goord*, 44 AD3d 668 [2007]; *Matter of Smythe v Goord*, 41 AD3d 608, 609 [2007]). Contrary to the petitioner's contention, the urinalysis request form properly set forth the chain of custody of the urine sample that was subject to testing (*see* 7 NYCRR 1020.5 [a] [1]), which was handled by only one officer.

The petitioner's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.