■ In the Matter of Louis Jackson, Petitioner, v Albert Prack, Respondent. [27 NYS3d 690]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of Albert Prack, the Director of the Special Inmate Housing/Inmate Disciplinary Program, on behalf of Anthony Annucci, the Acting Commissioner of the Department of Corrections and Community Supervision, dated October 20, 2014, as, in effect, affirmed so much of a determination of a hearing officer dated August 6, 2014, made after a tier III disciplinary hearing, that the petitioner was guilty of violating prison disciplinary rules 104.13 and 106.10 (7 NYCRR 270.2 [B] [5] [iv]; [7] [i]).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Following a disciplinary hearing, the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was found guilty of, inter alia, violating prison disciplinary rules 104.13 and 106.10 (7 NYCRR 270.2 [B] [5] [iv]; [7] [i]). The respondent, in effect, affirmed the hearing officer's determination as to those disciplinary rules, and the petitioner commenced this proceeding pursuant to CPLR article 78 to challenge that determination.

Contrary to the petitioner's contention, the misbehavior report and the testimony of prison officials provided substantial evidence to support the hearing officer's determination that the petitioner violated the subject disciplinary rules (*see Matter of Urena v Annucci*, 134 AD3d 727 [2015]; *Matter of Stephens v Lee*, 115 AD3d 964 [2014]; *Matter of Fowler v Fischer*, 106 AD3d 1344 [2013]; *Matter of Mays v Fischer*, 105 AD3d 1283 [2013]). Although the version of events relayed by the petitioner and his inmate witnesses conflicted with that of the correction officer who authored the report, this presented a credibility question to be resolved by the hearing officer (*see Matter of Tavarez v Annucci*, 134 AD3d 1374 [2015]; *Matter of Greaves v Prack*, 108 AD3d 968, 969 [2013]). Here, as the trier of fact, the hearing officer resolved any credibility issues, and we find no basis upon which to disturb his determination (*see Matter of Stephens v Lee*, 115 AD3d at 964).

There is no merit to the petitioner's contention that he was deprived of his right under the prison regulations to call a witness, specifically a correction officer from a housing unit located on another floor (*see Matter of Greaves v Prack*, 108 AD3d at 969; *Matter of Ardale v Keane*, 304 AD2d 991 [2003]). Since this officer had no personal knowledge of the incident that provided the basis for the misbehavior report, his testimony

would have been irrevelant to the charges (*see Matter of Pilet v Annucci*, 128 AD3d 1198 [2015]; *Matter of Fowler v Fischer*, 106 AD3d at 1345).

Finally, the petitioner failed to demonstrate that the hearing officer was biased against him or that he was otherwise denied a fair hearing. The record reveals that the hearing was conducted in a fair and impartial manner and there is no indication that the determination flowed from any alleged bias (*see Matter of Hand v Greene*, 118 AD3d 1245, 1246 [2014]; *Matter of Stephens v Lee*, 115 AD3d at 964-965; *Matter of Fowler v Fischer*, 106 AD3d at 1345). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.