■ In the Matter of Frans Sital, Appellant, v Michael Capra, Superintendent, Sing Sing Correctional Facility, Respondent. [60 NYS3d 55]—

Proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, Director of the Special Housing/Inmate

Disciplinary Program, on behalf of Anthony J. Annucci, as Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated June 13, 2014, which affirmed a determination of a hearing officer dated April 14, 2014, made after a tier III disciplinary hearing, that the petitioner was guilty of violating Institutional Rules of Conduct rules 113.22, 113.23, 114.10, 180.10, and 180.13 (7 NYCRR 270.2 [B] [14] [xii], [xiii]; [15] [i]; [26] [i], [iv]), and imposing a penalty, which proceeding was transferred to this Court by order of the Supreme Court, Westchester County (Zambelli, J.), dated August 27, 2015.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated June 13, 2014, as affirmed the determination that the petitioner was guilty of violating Institutional Rules of Conduct rules 114.10, 180.10, and 180.13 (7 NYCRR 270.2 [B] [15] [i]; [26] [i], [iv]), is annulled, those charges are dismissed, the respondent is directed to expunge all references to those charges from the petitioner's institutional record, the petition is otherwise denied, the determination dated June 13, 2014, is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

A misbehavior report was filed against the petitioner, an inmate in Sing Sing Correctional Facility, asserting that, during a "trailer visit" with his wife pursuant to the facility's Family Reunion Program, the petitioner was in possession of and used a cell phone, and that two cell phones were recovered from his wife after the visit. The petitioner was charged with violating Institutional Rules of Conduct rules 113.22, prohibiting use of property in an unauthorized area; 113.23, prohibiting possession of contraband; 114.10, prohibiting smuggling; 180.10, requiring compliance with family visiting procedures; and 180.13, requiring compliance with Family Reunion Program guidelines (see 7 NYCRR 270.2 [B] [14] [xii], [xiii]; [15] [i]; [26] [i], [iv]).

After a tier III disciplinary hearing, the petitioner was found guilty of all charges and penalties were imposed. The hearing officer's determination was affirmed upon administrative appeal. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to challenge the determination. By order dated August 27, 2015, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of*

*Adamson v Barto,* 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Benito v Calero,* 102 AD3d 778, 779 [2013]; *Matter of Farooq v Fischer,* 99 AD3d 709, 711 [2012]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (*Matter of Iacono v New York State Cent. Register of N.Y. State Off. of Children & Family Servs.,* 126 AD3d 700, 700 [2015], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]).

Contrary to the petitioner's contention, there was substantial evidence to support the conclusion that he was using a cell phone during the family visit. In particular, the evidence demonstrated that a correction officer overheard what could reasonably be inferred was the petitioner engaged in a telephone conversation, while she was returning items to the basement area of the trailer in which the visit was occurring. Thus, there was substantial evidence to support the charges of violations of rule 113.22, prohibiting use of property in an unauthorized area, and rule 113.23, prohibiting possession of contraband (*see* 7 NYCRR 270.2 [B] [14] [xii], [xiii]).

However, substantial evidence did not support the conclusion that the phone on which the petitioner was speaking during the visit was brought into the facility by the petitioner's wife, or that it was one of the two phones recovered from the wife after the visit. The evidence established that the items the wife brought into the visit were searched and that she walked through a metal detector prior to the visit, and no phones were found at that time. After the visit, two phones were recovered from a bag which, it is undisputed, the wife left in a locker outside the visiting area. In the absence of evidence connecting the phones recovered from the wife to the petitioner, and in the absence of proof that the wife was in possession of the phones prior to their recovery from the bag left in her locker, we dismiss the charges of violations of rules 114.10, prohibiting smuggling, 180.10, requiring compliance with family visiting procedures, and 180.13, requiring compliance with Family Reunion Program guidelines (7 NYCRR 270.2 [B] [15] [i]; [26] [i], [iv]).

The petitioner's remaining contentions are without merit.

The penalty for all of the rule violations has already been served. Since there was no recommended loss of good-time credit, there is no need to remit the matter to the respondent for reconsideration of the penalty insofar as it relates to the rule violations which we have sustained (*see Matter of Farooq v Fischer,* 99 AD3d at 711; *cf. Matter of Hamlett v Prack,* 139

AD3d 728 [2016]). Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.