Matter of Mays v Early (2019 NY Slip Op 09004)





Matter of Mays v Early


2019 NY Slip Op 09004


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02043
 (Index No. 6804/18)

[*1]In the Matter of Kevin Mays, petitioner,
v
Peter D. Early, etc., respondent.


Kevin Mays, Otisville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Philip V. Tisne of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Peter D. Early, Deputy Superintendent of Security for Otisville Correctional Facility, on behalf of Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated May 1, 2018. The determination affirmed so much of a determination of a hearing officer dated April 12, 2018, made after a tier II disciplinary hearing, as found that the petitioner was guilty of violating prison disciplinary rule 102.10 (7 NYCRR 270.2[B][3][i]), and imposed penalties.
ADJUDGED that the petition is granted, without costs or disbursements, the determination finding the petitioner guilty of violating prison disciplinary rule 102.10 (7 NYCRR 270.2[B][3][i]) is annulled, the penalties imposed are vacated, the charge is dismissed, and the respondent is directed to expunge all references to that finding from the petitioner's institutional record.
The petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was alleged to have committed three infractions in violation of 7 NYCRR 270.2(B): (1) creating a disturbance, (2) harassment, and (3) making threats. Following a disciplinary hearing, the petitioner was found guilty of all three charges. After an administrative appeal, the charges of creating a disturbance and harassment were dismissed. The petitioner then commenced this CPLR article 78 proceeding to challenge the determination of his guilt on the charge of making threats. In an order dated February 7, 2019, the Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g).
Contrary to the petitioner's contention, he was not deprived of his due process rights to a fair and impartial hearing, nor was there evidence that his guilt and the penalties imposed were the product of bias. "The record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer" (Matter of Phillips v Lee, 115 AD3d 957, 958; see Matter of Almodovar v Griffin, 159 AD3d 694, 695; Matter of Harris v Kaplin, 102 AD3d 692, 693). We further reject the petitioner's claim of bias against the respondent in the administrative appeal, particularly in light of the fact that the respondent reversed the hearing officer's finding of guilt as to two out of the three charges for which the petitioner was initially found guilty (see Matter of Reid v Fischer, 80 AD3d 1035, 1036).
However, we agree with the petitioner that the determination that he was guilty of [*2]violating prison disciplinary rule 102.10 was not supported by substantial evidence. In reviewing a prison disciplinary determination, a court's review of the factual findings is limited to ascertaining whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Smith v Annucci, 160 AD3d 651, 653). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Prison disciplinary rule 102.10 provides that "[a]n inmate shall not, under any circumstances, make any threat, spoken, in writing, or by gesture" (7 NYCRR 270.2[B][3][i]). Here, the misbehavior report and the hearing testimony merely demonstrated that the petitioner "became loud and argumentative" when he was denied permission to hold a certain event in his capacity as the president of a certain prison inmate organization. The evidence merely showed that the petitioner was upset, and the statement by the prison's Deputy Superintendent of Programs that she felt "intimidated," and that the petitioner "stared at [her] and in a threatening manner left the area," without more, was insufficient to establish that the petitioner actually made a threat against her. Accordingly, the finding that the petitioner violated prison disciplinary rule 102.10 (7 NYCRR 270.2[B][3][i]) must be annulled, and the penalties imposed vacated.
In light of the foregoing, we need not reach the petitioner's remaining contention.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court