Matter of Fernandez v Rodriguez (2020 NY Slip Op 01161)





Matter of Fernandez v Rodriguez


2020 NY Slip Op 01161


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-09298
 (Index No. 203/17)

[*1]In the Matter of Pablo Fernandez, petitioner,
v
A. Rodriguez, etc., et al., respondents.


Pablo Fernandez, Beacon, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Acting Director of Special Housing/Inmate Disciplinary Program for Sing Sing Correctional Facility, on behalf of Anthony J. Annucci, Acting Commissioner of New York State Department of Corrections and Community Supervision dated November 10, 2016. The determination affirmed a determination of a hearing officer, dated August 31, 2016, made after a tier III disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules 104.11 and 106.10 (7 NYCRR 270.2[B][5][ii]; [7][i]), and imposing penalties.
ADJUDGED that the determination dated November 10, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Following a tier III disciplinary hearing, the petitioner was found guilty of violating prison disciplinary rules prohibiting violent conduct (rule 104.11) and requiring inmates to comply with direct orders (rule 106.10) (see 7 NYCRR 270.2[B][5][ii], [7][i]). The hearing officer's determination was affirmed upon administrative appeal. The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the determination, and the Supreme Court transferred the proceeding to this Court.
Contrary to the petitioner's contention, the hearing officer's determination was supported by substantial evidence in the record, including the misbehavior report, the testimony of the sergeant who authored the report, and the testimony of a correction officer (see Matter of Applegate v Heath, 88 AD3d 699, 700; Matter of Reyes v Leclaire, 49 AD3d 884, 885). The issues raised by the petitioner concerning the witnesses' credibility were resolved by the hearing officer, and we discern no basis in the record for disturbing that determination (see Matter of Hamlett v Prack, 139 AD3d 728, 730; Matter of Stephens v Lee, 115 AD3d 964, 964).
The petitioner's contention that he was improperly denied certain documents that he requested is without merit. The record reflects that the requested documents either did not exist, or were irrelevant to the issues before the hearing officer, such that the petitioner was not prejudiced (see Matter of Davis v Bedard, 161 AD3d 1473, 1474; Matter of Davey v Annucci, 153 AD3d 992, 993; Matter of Lara v Dubray, 52 AD3d 1143, 1143; Matter of Rincon v Selsky, 28 AD3d 565, 566).
To the extent that the petitioner preserved for review his contention that he was improperly precluded from calling his wife as a witness, his contention is without merit. The petitioner's contention that he was precluded from calling a certain inmate as a witness is not preserved for our review (see Matter of Blanco v Selsky, 45 AD3d 679, 680; Matter of Pabon v Phillips, 16 AD3d 589, 590).
The petitioner's contention that the hearing was untimely is without merit. The relevant time limits for starting and completing prison disciplinary hearings are directory, not mandatory, and the petitioner has not shown that he was prejudiced by any delays in starting or completing the hearing (see Matter of Foster v Bezio, 62 AD3d 1222, 1223; Matter of Lara v Dubray, 52 AD3d at 1143). The record does not support the petitioner's contention that the hearing officer was biased against him, but rather reflects that the hearing was conducted in a fair and impartial manner and that the determination was not the result of bias on the part of the hearing officer (see Matter of Carlisle v Lee, 96 AD3d 837, 837; Matter of Rincon v Selsky, 28 AD3d at 566).
The petitioner's remaining contention is without merit.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court