Matter of Grant v Green Haven Corr. Facility (2020 NY Slip Op 05208)





Matter of Grant v Green Haven Corr. Facility


2020 NY Slip Op 05208


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-11727
 (Index No. 2586/16)

[*1]In the Matter of Edwin Grant, petitioner,
v
Green Haven Correctional Facility, etc., respondent.


Edwin Grant, Stormville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & ORDER
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated October 18, 2016. The determination affirmed a determination of a hearing officer dated October 15, 2016, made after a Tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rules 104.12 and 106.10 (7 NYCRR 270.2[B][5][iii]; [7][i]), and imposing penalties.
ADJUDGED that the determination dated October 18, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner, an inmate at the Green Haven Correctional Facility, commenced this CPLR article 78 proceeding to review a determination, made after a Tier II disciplinary hearing, that he violated two institutional rules of conduct by participating in a mass demonstration and refusing to promptly return to his cell.
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Jackson v Gerbing, 150 AD3d 734, 736 [internal quotation marks omitted]; see CPLR 7803[4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Benito v Calero, 102 AD3d 778, 779, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
The misbehavior report and the hearing testimony provided substantial evidence to support the hearing officer's determination that the petitioner violated the subject prison disciplinary rules (see Matter of Cole v Griffin, 167 AD3d 875, 876; cf. Matter of Johnson v Griffin, 168 AD3d 734 [determination not supported by substantial evidence where the record failed to establish that the petitioner was one of the inmates who participated in the demonstration]).
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court