Matter of Montgomery v Royce (2023 NY Slip Op 06047)

Matter of Montgomery v Royce

2023 NY Slip Op 06047

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-09005
 (Index No. 456/20)

[*1]In the Matter of Eric Montgomery, petitioner, 
v
Mark Royce, etc., respondent.

Eric Montgomery, Attica, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Acting Director of the Special Housing/Inmate Disciplinary Program, on behalf of Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated January 27, 2020. The determination affirmed a determination of a hearing officer dated December 9, 2019, made after a tier III disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules 100.13, 104.11, 104.13, and 113.10 (7 NYCRR 270.2[B][1][iv]; [5][ii]; [5][iv]; [14][i]), and imposing penalties.
ADJUDGED that the determination dated January 27, 2020, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner, an inmate at the Green Haven Correctional Facility, was charged with violating, inter alia, Institutional Rules of Conduct prohibiting fighting (rule 100.13), engaging in violent conduct (rule 104.11), creating a disturbance (rule 104.13), and possessing a weapon (rule 113.10) (see 7 NYCRR 270.2[B][1][iv]; [5][ii]; [5][iv]; [14][i]). Following a tier III disciplinary hearing, a hearing officer found the petitioner guilty of those charges. Upon administrative appeal, in a determination dated January 27, 2020, the Acting Director of the Special Housing/Inmate Disciplinary Program, on behalf of Antony J. Annucci, Acting Commissioner of New York State Department of Corrections and Community Supervision, affirmed the hearing officer's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the determination dated January 27, 2020, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Adamson v Barto, 37 AD3d 597, 598; see CPLR 7803[4]; Matter of Grant v Green Haven Corr. Facility, 186 AD3d 1686). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Hum. Rts., 45 NY2d 176, 180; see Matter of Grant v Green Haven Corr. Facility, 186 AD3d at 1686).
Here, the misbehavior report and the hearing testimony provided substantial evidence to support the hearing officer's determination that the petitioner was guilty of violating prison disciplinary rules 100.13, 104.11, 104.13, and 113.10 (see 7 NYCRR 270.2[B][1][iv]; [5][ii]; [5][iv]; [14][i]; Matter of Grant v Green Haven Corr. Facility, 186 AD3d at 1687; Matter of Fernandez v Rodriguez, 180 AD3d 897, 898). The hearing officer resolved any credibility issues, and we find no basis upon which to disturb the hearing officer's determination (see Matter of Fernandez v Rodriguez, 180 AD3d at 898; Matter of Jackson v Gerbing, 150 AD3d 734, 736).
The petitioner's remaining contentions are without merit.
Accordingly, the determination dated January 27, 2020, is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court