■ In the Matter of JOHN GRILLO, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [607 NYS2d 807] —Judgment unanimously vacated, determination modified on the law and as modified confirmed and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: Because petitioner's CPLR article 78 proceeding presented a substantial evidence question, it should have been transferred to this Court *(see,* CPLR 7804 [g]; *Matter of Lynch v Coughlin,* 198 AD2d 889). We consider the matter de novo, as if it had been properly transferred *(see, Matter of Lynch v Coughlin, supra; Matter of Melvin v Kelly,* 126 AD2d 956, *lv denied* 69 NY2d 609).

The determination that petitioner possessed stolen property in violation of inmate rule 116.13 (7 NYCRR 270.2 [B] [17] [iv]) is not supported by substantial evidence. Respondents presented no evidence that the property in petitioner's possession had been stolen. We modify, therefore, by annulling so much of the determination as found petitioner guilty of violating inmate rule 116.13 and directing that all entries in petitioner's record relating thereto be expunged and remit the matter to respondent Superintendent for the imposition of an appropriate penalty on the remaining violations.

Respondents failed to demonstrate that this proceeding was time-barred. The only document bearing on that issue was filed with the County Clerk two days after Supreme Court issued its order, and the record is devoid of any other evidence that would support a dismissal of the petition upon that ground.

We have reviewed petitioner's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.