■ In the Matter of JOHN NELSON, Petitioner, v THOMAS COUGHLIN, III, Respondent. [619 NYS2d 298] —Proceeding pursuant to CPLR article 78 to review a determination of Thomas Coughlin, III, Commissioner of New York State Department of Correction, dated October 16, 1991, which affirmed a Hearing Officer's determination, dated August 13, 1991, made after a hearing, that the petitioner had violated 7 NYCRR 270.2 (B) (14) (iv), and imposed a penalty which included 180 days of loss of packages and commissary privileges, and 45 days in the Special Housing Unit.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The misbehavior report provided substantial evidence that the petitioner-inmate violated the rule which prohibits inmates from making or possessing an alcoholic beverage *(see,* 7 NYCRR 270.2 [B] [14] [iv]; *see, e.g., People ex rel. Vega v Smith,* 66 NY2d 130, 139-140). In addition, contrary to the petitioner's contention, there is no requirement that prison authorities were required to chemically test the beverage for the presence of alcohol *(compare,* 7 NYCRR 270.2 [B] [14] [iv], *with* 7 NYCRR 270.2 [B] [14] [iii], *and* 7 NYCRR part 1010; *see also, People v Leonard,* 8 NY2d 60; *People v Kenny,* 30 NY2d 154, 157). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.