■ In the Matter of GARY RAND, Respondent, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, et al., Appellants. [632 NYS2d 345] —Judgment unanimously vacated, determination modified on the law and as modified confirmed without costs and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: Because petitioner's CPLR article 78 proceeding presented substantial evidence questions, it should have been transferred to this Court in its entirety (see, CPLR 7804 [g]; *Matter of Grillo v Coughlin,* 201 AD2d 905), and we consider the matter de novo, as if it had been properly transferred (see, *Matter of Grillo v Coughlin, supra; Matter of Lynch v Coughlin,* 198 AD2d 889).

The determination that petitioner stole property in violation of inmate rule 116.13 (7 NYCRR 270.2 [B] [17] [iv]) is not supported by substantial evidence. The misbehavior report failed to state that the removal of food from the mess hall was unauthorized. Respondents presented no evidence to refute the contention of petitioner that he was authorized to remove the food he had been charged with stealing from the mess hall. We modify the determination, therefore, by annulling so much of the determination as found petitioner guilty of violating inmate rule 116.13 and directing that all entries in petitioner's record relating thereto be expunged and remit the matter to respondent Superintendent for the imposition of an appropriate penalty on the remaining violation.

The determination that petitioner made or possessed alcohol in violation of inmate rule 113.13 (7 NYCRR 270.2 [B] [14] [iv]) is supported by substantial evidence. Contrary to petitioner's contention, there is no requirement that prison authorities chemically test the beverage for the presence of alcohol (see, *Matter of Nelson v Coughlin,* 209 AD2d 621). (Appeal from Judgment and CPLR art 78 Proceeding Transferred by Judgment of Supreme Court, Erie County, Doyle, J.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.