■ In the Matter of JERRY D. HUGHES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [633 NYS2d 850] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While being escorted within Eastern Correctional Facility in Ulster County, the smell of alcohol was detected on petitioner's breath by the escorting correction officer and thereafter confirmed by the facility's nurse. The escorting officer then searched petitioner's cell and discovered several containers with residue that looked and smelled like homemade wine. These findings were confirmed by a correction lieutenant, who testified at the resulting disciplinary hearing. Also introduced at the hearing was the misbehavior report signed by the escorting correction officer and a report by the nurse. Petitioner commenced this proceeding challenging the disciplinary determination finding that he had violated the prison regulation prohibiting the making, possession and use of alcoholic beverages.

Petitioner contends that the violation may not be established absent evidence of scientific tests confirming the presence of alcohol. We disagree. Not only is the nature of alcoholic beverages a matter of common knowledge (*see, People v Kenny*, 30 NY2d 154, 157; *People v Leonard*, 8 NY2d 60), but here the record established that the lieutenant was well versed in the nature of homemade alcoholic beverages (*see, People v Swamp*, 84 NY2d 725, 733). Under the circumstances, a chemical test was not required to determine the presence of alcohol (*see, Matter of Nelson v Coughlin*, 209 AD2d 621). Evidence in the record fully supports the determination.

Nor are we persuaded that annulment is required because of the administrative reversal of another inmate's alcohol-related disciplinary charge. The facts and circumstances of the other matter, its hearing and evidence, and its reversal have not been established to be sufficiently similar to the instant matter to suggest that different standards were applied.

White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.