■ In the Matter of JAMES N. NOREAULT, Petitioner, v PHILIP COOMBE, as Commissioner of the Department of Correctional Services, et al., Respondents. [660 NYS2d 71] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a prison disciplinary hearing, petitioner was found guilty of making threats and violating temporary release rules while on a "family ties furlough" from September 22, 1995 through September 27, 1995. The finding was based, in part,

upon a misbehavior report which contained information provided by an Onondaga County Assistant District Attorney, Beth Van Doren, who had received a telephone call from one of the alleged victims, Katherine Heaney, stating that petitioner made threatening telephone calls to her and her niece at some unspecified time. Van Doren telephoned prison officials concerning Heaney's claim and a misbehavior report was duly issued. At petitioner's disciplinary hearing, Van Doren testified via telephone concerning the information relayed to her by Heaney. The Hearing Officer stated on the record that although he called Heaney for her to testify by telephone, she refused expressing fear. Petitioner's guilt on the charged violations was affirmed on administrative appeal, prompting the commencement of this proceeding.

Upon review of the record, we conclude that the determination was not supported by substantial evidence and, therefore, must be annulled. While unsworn hearsay misbehavior reports may constitute substantial evidence to support determinations of guilt in the prison disciplinary context, "where the misbehavior report was not written by a correction officer who witnessed the conduct in question, the record must contain facts establishing some indicia of reliability to the hearsay before the report may be considered sufficiently relevant and probative to constitute substantial evidence" (*Matter of McIntosh v Coughlin*, 155 AD2d 762, 763; *see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Here, given the sparse information relayed by Van Doren and Heaney's refusal to testify, there are insufficient facts in this record to determine the credibility of Heaney. Furthermore, the Hearing Officer gave no details of his conversation with Heaney so as to support his determination of guilt. Accordingly, the determination must be annulled.

In light of the foregoing conclusion, it is unnecessary to address petitioner's remaining claim that the misbehavior report violated 7 NYCRR 251-3.1 (c) (3).

Mercure, White, Casey and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's files and to restore any good time taken from petitioner as a result thereof.