■ In the Matter of ALTY ADAMSON, Petitioner, v KEITH BARTO et al., Respondents. [829 NYS2d 696]—

Proceeding pursuant to CPLR article 78 to review a determination of the Deputy Superintendent of Fishkill Correctional Facility, dated September 27, 2005, which confirmed a determination of a hearing officer, dated September 23, 2005, made after a Tier II disciplinary hearing, finding the petitioner guilty of violating Prison Disciplinary Rules 113.23 and 116.10 (7 NYCRR 270.2 [B] [14] [xiii]; [17] [i]), and imposing a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as affirmed the finding that the petitioner was guilty of violating Prison Disciplinary Rule 116.10 (7 NYCRR 270.2 [B] [17] [i]) is annulled, that finding is vacated, that charge is dismissed, the penalty is vacated, the respondents are directed to expunge all references to that finding from the petitioner's institutional record, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondents for the imposition of a penalty on the remaining charge.

A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence (*see* CPLR 7803 [4]; *People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]; *Matter of Ramsey v Phillips,* 11 AD3d 470 [2004]). In order to sustain a determination of guilt, a court must find that the disciplinary authorities offered "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *People ex rel. Vega v Smith, supra*). Here, the charge relating to contraband (7 NYCRR 270.2 [B] [14] [xiii]) was established by substantial evidence, specifically the inmate misbehavior report and the petitioner's admission that he possessed many more cassette tapes than he was authorized to possess. The determination with respect to the charge of theft of state property, however, must be annulled because the evidence at the hearing was insufficient to establish that the petitioner was not authorized to take certain items from the mess hall, did not purchase other items from the commissary, or was not authorized to possess the remaining items (*see Matter of Rand v Herbert,* 219 AD2d 878 [1995]; *cf. Matter of Whitfield v Fischer,* 291 AD2d 504, 504-505 [2004]). Since one of the charges of which the petitioner was found guilty is now being dismissed, the matter must be remitted to the respondents for the imposition of a new penalty on the remaining charge.

The petitioner's remaining claims have been rendered academic in light of the hearing officer's finding and our determination. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.