■ In the Matter of ROLAND SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of New York State Department of Correctional Services, Respondent. [852 NYS2d 912]—

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination that he violated various inmate rules. The misbehavior report, authored by the laundry supervisor, established that petitioner gesticulated wildly and shouted profanities at her when she accused him of stealing and, contrary to petitioner's contention, the misbehavior report constitutes substantial evidence supporting the determination finding that he created a disturbance in violation of inmate rule 104.13 (7 NYCRR 270.2 [B] [5] [iv]; *see generally People ex rel. Vega v Smith*, 66 NY2d 130, 140 [1985]).

As respondent correctly concedes, however, the determination finding that petitioner violated the remaining inmate rules set forth in the misbehavior report is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated those inmate rules, and respondent is directed to expunge from petitioner's institutional record all references to the violations of those rules.

Because we are annulling that part of the determination finding that petitioner stole property in violation of inmate rule 116.10 (7 NYCRR 270.2 [B] [17] [i]), we further modify the determination by vacating that part of the penalty imposing restitution for the stolen property in the amount of $96, and respondent is further directed to refund to petitioner's inmate account any restitution paid. In view of the fact that petitioner has served the remainder of the penalty imposed and no loss of good time was imposed, there is no need to remit the matter to respondent for reconsideration of the remainder of the penalty imposed (*see Matter of Maybanks v Goord*, 306 AD2d 839, 840 [2003]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.