■ In the Matter of ANTHONY MEDINA, Appellant, v HAROLD GRAHAM, Superintendent, Auburn Correctional Facility, Respondent. [896 NYS2d 920]—Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 6, 2008 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously vacated, the determinations are modified on the law and the petition is granted in part by annulling those parts of the determinations finding that petitioner violated inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv]) and 106.10 (7 NYCRR 270.2 [B] [7] [i]) and by vacating the recommended loss of good time for the violations of those rules and as modified the determinations are confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violations of those rules.

Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition that challenged two disciplinary determinations arising from two hearings involving two misbehavior reports. We note at the outset that, because the petition raises substantial evidence issues, Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g). We therefore vacate the judgment and consider the merits of the proceeding de novo (*see Matter of Grillo v Coughlin*, 201 AD2d 905 [1994]). As respondent correctly concedes, the charges in the misbehavior report dated January 9, 2007 are not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). We therefore modify the determinations and grant the petition in part by annulling those parts of the determinations finding that petitioner violated inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv]) and 106.10 (7 NYCRR 270.2 [B] [7] [i]) and by vacating the recommended loss of good time for the violations of those rules, and

we direct respondent to expunge from petitioner's institutional record all references to the violations of those rules. We reject petitioner's contentions with respect to the second misbehavior report. Present—Smith, J.P., Centra, Fahey and Pine, JJ.