This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------

No. 135
In the Matter of Anthony Bottom,
          Appellant,
        v.
Anthony Annucci, &c.,
          Respondent.

          Norman P. Effman, for appellant.
          Allyson B. Levine, for respondent.

MEMORANDUM:

          The judgment of the Appellate Division should be
affirmed, without costs.

          Petitioner Anthony Bottom appeals from a judgment
confirming a disciplinary determination of respondent, the Acting

- 1 -

Commissioner of the Department of Corrections and Community Supervision (DOCCS), that petitioner violated DOCCS Rule 113.22. That rule states, "[a]n inmate shall not use or possess an article in an area where its use or possession [is] prohibited" (7 NYCRR 270.2 [b] [14] [xii]).  Our review of petitioner's challenge is limited to determining whether the prison disciplinary determination is supported by substantial evidence (CPLR 7803 [4]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).  Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (id. at 139, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).

Here, the administrative record establishes that while petitioner was an inmate at Attica Correctional Facility, he was subjected to a routine frisk as a part of a library call-out, during which he was found to be in possession of two, loose United States postage stamps, in direct violation of the Attica facility provision prohibiting loose stamps in the law library. At the Tier III disciplinary hearing, petitioner conceded the facts as charged, including that he was in possession of the stamps.  Although he claimed he was unaware of the facility provision at the time of the incident, he admitted that the provision was set forth in the Attica inmate handbook.  On its face, the record provides substantial evidence of respondent's determination.

Nonetheless, petitioner contends that the determination
is not supported by substantial evidence that he violated an
enforceable rule.  As a threshold matter, petitioner has not
preserved for our consideration his claim that the facility
provision is unenforceable because, at the time of the incident,
it had not been filed with the Secretary of State, as required by
Article IV, § 8 of the New York State constitution (NY Const art.
IV, § 8 ["No rule or regulation made by any state department,
board, bureau, officer, authority or commission, except such as
relates to the organization or internal management of a state
department, board, bureau, authority or commission shall be
effective until it is filed in the office of the department of
state"]).  Petitioner admits that he failed to raise the
constitutionality of the provision during the administrative
proceedings and in his Article 78 petition.  Thus, his claim is
not properly before us (see Matter of Barbara C., 64 NY2d 866,
868 [1985] [dismissing appeal where the constitutional questions
raised on appeal were not raised or preserved in the trial
court]; Rosa v Fischer, 87 AD3d 1252, 1253 [3d Dept 2011] [claim,
not raised in an article 78 petition, was unpreserved], lv denied
19 NY3d 802 [2012]; Mingo v Annucci, 49 AD3d 1106, 1107 [3d Dept
2008] [claim raised for the first time on appeal was unpreserved]
lv denied 11 NY3d 707 [2008]; see also Matter of Khan v New York
State Dept. of Health, 96 NY2d 879 [2001] [stating that in the
article 78 context, the Appellate Division's power of review is

the same as the Court of Appeals]).

Petitioner's preserved claims that, in fact, he did not violate the facility provision because he was found to be in possession of the loose stamps outside the library premises, and that any mistake on his part was unintentional, are without merit.  Prison rules state explicitly that inmates who attempt "to violate institutional rules of conduct . . . [are] punishable to the same degree as violators of such rules . . . . [and] may be cited for attempts . . . whether or not the text of an actual rule contains such term[]" (7 NYCRR 270.3 [b]).  Petitioner testified during the disciplinary hearing that he was carrying the loose stamps while on his way to the law library.  Thus, by his own admission, he is guilty of an attempt to violate the provision, and as a consequence Rule 113.22.  Furthermore, whether petitioner was aware that he was in violation of a restriction on loose stamps is irrelevant because Rule 113.22 applies regardless of the inmate's intent.

The Appellate Division order should be affirmed because substantial evidence supports respondent's disciplinary determination that petitioner violated an enforceable prison rule, based on the misbehavior report, petitioner's admissions, and the Attica law library provision (see People ex rel. Vega, 66 NY2d at 139; Matter of Bryant v Coughlin, 77 NY2d 642, 647 [1991]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Judgment affirmed, without costs, in a memorandum.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.


Decided October 22, 2015