■ In the Matter of DWIGHT JACKSON, Petitioner, v ANTHONY ANNUCCI, Respondent. [18 NYS3d 698]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, the Commissioner of the New York State Department of Corrections and Community Supervision, dated October 31, 2013, which confirmed a determination of a hearing officer dated August 28, 2013, made after a tier III disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules and imposing a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination dated October 31, 2013, confirming the determination dated August 28, 2013, finding the petitioner guilty of violating prison disciplinary rules 106.10 and 109.12 (7 NYCRR 270.2 [B] [7] [i]; [10] [iii]) is annulled, those charges are dismissed, and the respondent is directed to expunge all references to those findings from the petitioner's institutional record.

The misbehavior report in this case was in the form of a first-person narrative, which provided a number of factual details about the reporting officer as well as the petitioner, including the direction from which the officer arrived at the scene, the exact location from which the officer first observed the disturbance, his personal observation of the petitioner "yelling and shouting," the officer's inability to hear the petitioner's exact words, and the number of direct orders the officer gave the petitioner.

Ordinarily, such a particularized statement would be sufficiently relevant and probative to constitute substantial evidence supporting the determination (*see People ex rel. Vega v Smith*, 66 NY2d 130, 140 [1985]). Here, however, the petitioner successfully challenged the reliability of the report by showing that identically worded reports (except for the name and identifying information of the subject inmate) were signed by at least three different reporting officers.

While it is entirely plausible that several inmates, in the course of a disturbance, may have engaged in substantially similar misbehavior, we find it inherently incredible that several officers could have experienced the same particularized encounter with a number of different inmates. We further note that the hearing officer twice precluded the petitioner from asking the reporting officer whether he had actually written the unsworn report.

Under the circumstances, we find that the determination is not supported by substantial evidence and therefore must be annulled (*see Matter of Noreault v Coombe*, 240 AD2d 983 [1997]).

In light of our determination, we need not address the petitioner's remaining contentions. Eng, P.J., Chambers, Roman and Barros, JJ., concur.