In the Matter of JOHN HAMLETT, Appellant, v ALBERT PRACK et al., Respondents. [31 NYS3d 160]—

Proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, the Director of the Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as

Commissioner of the New York State Department of Correctional Services, dated December 6, 2012, which affirmed a determination of a hearing officer dated September 18, 2012, made after a tier III disciplinary hearing, that the petitioner was guilty of violating Institutional Rules of Conduct rules 106.10, 107.11, 101.22 and 109.10 (7 NYCRR 270.2 [B] [7] [i]; [8] [ii]; [2] [v]; [10] [i]), and imposing penalties, which proceeding was transferred to this Court by order of the Supreme Court, Dutchess County (Forman, J.), dated June 18, 2014, and appeal by the petitioner/appellant from so much of the same order as denied that branch of the petition which alleged that the determination of the hearing officer was affected by an error of law.

Ordered that on the Court's own motion, the notice of appeal from the order dated June 18, 2014, is deemed to be an application for leave to appeal from so much of the order as denied that branch of the petition which alleged that the determination of the hearing officer was affected by an error of law, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated December 6, 2012, as confirmed the determination that the petitioner/appellant was guilty of violating Institutional Rules of Conduct rule 106.10 (7 NYCRR 270.2 [B] [7] [i]) is annulled, that charge is dismissed, the respondents are directed to expunge all references to that finding from the petitioner/appellant's institutional record, the petition is otherwise denied, the determination dated December 6, 2012, is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondents for reconsideration of the penalty insofar as it relates to the violations of the Institutional Rules of Conduct which are sustained.

Following a tier III disciplinary hearing, the petitioner/appellant (hereinafter the petitioner) was found guilty of violating Institutional Rules of Conduct prohibiting harassment (rule 107.11), stalking (rule 101.22), and being out of place (rule 109.10), and requiring inmates to comply with direct orders (rule 106.10) (see 7 NYCRR 270.2 [B] [8] [ii]; [2] [v]; [10] [i]; [7] [i]). The hearing officer's determination was confirmed upon administrative appeal. The petitioner then commenced this proceeding pursuant to CPLR article 78 to challenge the

determination. The Supreme Court denied that branch of the petition which alleged that the determination was affected by an error of law, and transferred to this Court the branch of the petition which alleged that the determination was not supported by substantial evidence (*see* CPLR 7804 [g]).

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Benito v Calero*, 102 AD3d 778, 779 [2013]; *Matter of Farooq v Fischer*, 99 AD3d 709, 711 [2012]). Here, the charges of harassment, stalking, and being out of place were supported by substantial evidence, specifically, the inmate misbehavior report and the testimony of the correction officer who authored the report. With respect to these charges, the issues raised by the petitioner concerning that officer's credibility were resolved by the hearing officer, and we discern no basis in the record for disturbing that determination (*see Matter of Stephens v Lee*, 115 AD3d 964 [2014]; *Matter of Phillips v Lee*, 115 AD3d 957 [2014]; *Matter of Ojeda v Venettozzi*, 99 AD3d 914 [2012]).

However, the charge of failing to comply with a direct order was not supported by substantial evidence. The inmate misbehavior report, although it charged such a violation, did not specify, and the correction officer who authored the report did not testify to, any particular direct order with which the petitioner failed to comply. Accordingly, that charge must be annulled (*see Matter of Adamson v Barto*, 37 AD3d at 598).

The Supreme Court correctly rejected the petitioner's contention that the misbehavior report was untimely filed. The report, filed the day after the charged incident, was made as soon as practicable (*see* 7 NYCRR 251-3.1 [a]; *Matter of Al-Matin v Brown*, 86 AD3d 902 [2011]; *Matter of McAllister v Fischer*, 51 AD3d 1159, 1160 [2008]). Further, with respect to the charges of harassment, stalking, and being out of place, the misbehavior report adequately specified "the particulars of the alleged incident[s]" and "the date, time and place of the incident[s]" (7 NYCRR 251-3.1 [c] [1], [3]).

By refusing the hearing officer's offer to personally interview his requested witnesses as to their reasons for refusing to testify, the petitioner waived his contention that the hearing officer failed to make a meaningful effort to secure the testimony of those witnesses (*cf. Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *Matter of Cordova v Coughlin*, 206 AD2d 475, 476 [1994]). Moreover, the record demonstrated that the hearing was conducted in a fair and impartial manner, and

there was no evidence that the determination was the result of any alleged bias on the part of the hearing officer (*see Matter of Wade v Fischer*, 119 AD3d 868, 869 [2014]; *Matter of Reyes v Leclaire*, 49 AD3d 884, 885 [2008]).

The petitioner's remaining contentions are without merit or need not be reached in light of our determination.

Because one of the penalties imposed was a loss of good-time credit, the matter must be remitted for reconsideration of the penalty as it relates to the violations of the Institutional Rules of Conduct that are being sustained (*see Matter of Farooq v Fischer*, 99 AD3d at 711; *cf. Matter of Adamson v Barto*, 37 AD3d 597 [2007]). Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.