■ In the Matter of DWIGHT JACKSON, SR., Petitioner, v ANTHONY ANNUCCI, Commissioner of New York State D.O.C.C.S., Respondent. [53 NYS3d 172]—

Proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, Director of Housing/Inmate Disciplinary Program, on behalf of Anthony Annucci, Commissioner of the New York State Department of Corrections and Community Supervision, dated May 19, 2014, which affirmed a determination of a hearing officer dated March 13, 2014, made after a tier III disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), and imposed a penalty.

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, the charge against the petitioner for violating Institutional Rules of Conduct rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]) is dismissed, and the respondent is directed to expunge all references to the finding from the petitioner's institutional record.

The petitioner contends that the hearing officer's determina-

tion that he used cannabinoids in violation of Institutional Rules of Conduct rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]) was not supported by substantial evidence. At the hearing, the hearing officer heard testimony from a correction officer and the petitioner, and considered, inter alia, a misbehavior report which was generated after two positive urinalysis test results for cannabinoids. To avoid calling a medical witness to testify about the effect of the petitioner's prescribed medication on the urinalysis tests, the hearing officer stipulated to the petitioner's uncontradicted evidence that his prescribed medication produces false positives for cannabinoids in urinalysis tests.

In making his determination that the petitioner was guilty of the violation, the hearing officer relied upon the positive results of the urinalysis tests and the correction officer's testimony that he detected the odor of marijuana near the petitioner, and observed that the petitioner acted nervous and fidgety when asked about the odor. The correction officer admittedly did not observe the petitioner using marijuana, and did not search the petitioner for drugs. It was uncontradicted that, when the correction officer approached the petitioner, the petitioner was standing beside four inmates in an outdoor area called "the yard."

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Bryant v Coughlin*, 77 NY2d 642, 647 [1991]; *Matter of Marshall v Fischer*, 103 AD3d 726, 727 [2013]; *Matter of Farooq v Fischer*, 99 AD3d 709, 711 [2012]; *Matter of Vaughn v Orlando*, 79 AD3d 1048, 1049 [2010]). "In order to sustain a determination of guilt, a court must find that the disciplinary authorities offered 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Adamson v Barto*, 37 AD3d at 598, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

Since the hearing officer stipulated that the petitioner's medication produces false positives for cannabinoids in urinalysis tests, and since no evidence was submitted to contradict the petitioner's evidence, the positive urinalysis tests results were of little probative value in establishing that the petitioner used cannabinoids. While the correction officer's observations were sufficient to raise suspicion that the petitioner had violated the prison disciplinary rule, they were not adequate to reasonably support the conclusion that the

petitioner had, in fact, violated the rule, especially since the correction officer's detection of the marijuana odor was made outdoors where there were other inmates in the immediate vicinity of the petitioner. Accordingly, we find that the hearing officer's determination was not supported by substantial evidence.

Consequently, we grant the petition, annul the determination, dismiss the charge, and direct the respondent to expunge all references to the finding from the petitioner's institutional record (*see Matter of Jackson v Annucci*, 132 AD3d 994, 995 [2015]; *Matter of Marshall v Fischer*, 103 AD3d at 728).

In light of our determination, we need not reach the petitioner's remaining contentions. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.