█ In the Matter of Louis Jackson, Also Known as Jackson Louis, Petitioner, v Kathleen G. Gerbing, Superintendent of the Otisville Correctional Facility, et al., Respondents. [54 NYS3d 35]—

Proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent Kathleen G. Gerbing, the Superintendent of the Otisville Correctional Facility, dated April 3, 2014, which affirmed a determination of a hearing officer dated March 25, 2014, made after a tier II disciplinary hearing, find-

ing the petitioner guilty of violating Institutional Rules of Conduct rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]), and imposed a penalty, and (2) a determination of the respondent Kathleen G. Gerbing, the Superintendent of the Otisville Correctional Facility, dated April 15, 2014, which affirmed a determination of a hearing officer dated March 31, 2014, made after a tier II disciplinary hearing, finding him guilty of violating Institutional Rules of Conduct rules 104.13, 107.11, 109.10, and 109.12 (7 NYCRR 270.2 [B] [5] [iv]; 8 [ii]; 10 [i], [iii]), and imposed a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination dated April 3, 2014, which affirmed the determination that the petitioner was guilty of violating Institutional Rules of Conduct rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]) is annulled, the penalty imposed is vacated, that charge is dismissed, the respondents are directed to expunge all references to that finding from the petitioner's institutional record, the petition is otherwise denied, the determination dated April 15, 2014, is confirmed, and the proceeding is otherwise dismissed on the merits.

On March 13, 2014, the petitioner, an inmate at the Otisville Correctional Facility, was charged with violating several prison disciplinary rules. The misbehavior report alleged, inter alia, that on March 12, 2014, the senior librarian observed the petitioner staring at her in an "intimidating manner" as she moved around the library, and that the petitioner then "moved to a chair in the back of the library, between the book stacks, where [she] could not see him easily but he could see [her]" (id.). On March 25, 2014, following a tier II disciplinary hearing, the hearing officer found the petitioner guilty of violating a prison disciplinary rule prohibiting harassment of prison staff (7 NYCRR 270.2 [B] [8] [ii]). On April 3, 2014, the hearing officer's determination was affirmed upon administrative appeal.

On March 14, 2014, the petitioner was charged with violating several prison disciplinary rules in connection with a separate incident that occurred that day in the gym lobby. On March 31, 2014, after a tier II disciplinary hearing, the hearing officer found the petitioner guilty of violating Institutional Rules of Conduct rules prohibiting creating a disturbance (rule 104.13), harassment (rule 107.11), being out of place (rule 109.10), and failing to follow directions relating to movement within the facility (rule 109.12) (7 NYCRR 270.2 [B] [5] [iv]; 8 [ii]; 10 [i], [iii]). On April 15, 2014, the hearing officer's determination was affirmed upon administrative appeal.

Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the determinations. By order dated February 10, 2015, the Supreme Court, Orange County, transferred the proceeding to this Court pursuant to CPLR 7804 (g).

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Hamlett v Prack*, 139 AD3d 728, 730 [2016]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Benito v Calero*, 102 AD3d 778, 779 [2013], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Here, the evidence was insufficient to establish that the petitioner's conduct in the library constituted harassment of prison staff as prohibited by rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]; *see Matter of Farooq v Fischer*, 99 AD3d 709, 710-711 [2012]). Thus, the determination dated April 3, 2014, sustaining that charge must be annulled.

However, the misbehavior report dated March 14, 2014, and the testimony of the correction officer who authored the report provided substantial evidence to support the hearing officer's determination dated March 31, 2014, that the petitioner violated prison disciplinary rules prohibiting creating a disturbance (rule 104.13), harassment (rule 107.11), being out of place (rule 109.10), and failing to follow directions relating to movement within the facility (rule 109.12) (7 NYCRR 270.2 [B] [5] [iv]; 8 [ii]; 10 [i], [iii]) (*see Matter of Fulton v Chase*, 115 AD3d 1033, 1034 [2014]; *Matter of Sorrentino v Fischer*, 101 AD3d 1210, 1210 [2012]; *Matter of Haynes v Bezio*, 73 AD3d 1295, 1295-1296 [2010]; *Matter of Smith v Fischer*, 49 AD3d 1173, 1173 [2008]; *Matter of Graham v McKinney*, 24 AD3d 1151, 1151 [2005]). The hearing officer, as the trier of fact, resolved any credibility issues, and we find no basis upon which to disturb his determination (*see Matter of Jackson v Prack*, 137 AD3d 1133, 1134 [2016]; *Matter of Stephens v Lee*, 115 AD3d 964, 964 [2014]).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.