■ In the Matter of JERMAINE ARCHER, Petitioner, v ANTHONY ANNUCCI, Respondent. [61 NYS3d 264]—

Proceeding pursuant to CPLR article 78 to review a determination of the Acting Director of the Special Housing/Inmate Disciplinary Program, on behalf of Anthony Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated June 17, 2014, which affirmed a determination of a hearing officer dated April 1, 2014, made after a tier III disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rules 113.18, 113.22, 113.23, and 114.10 (7 NYCRR 270.2 [B] [14] [viii], [xii], [xiii]; [15] [i]), and imposing penalties.

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, the penalties imposed are vacated, the charges are dismissed, and the respondent is directed to expunge all references to the finding from the petitioner's institutional record.

The petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was charged with violating four Institutional Rules of Conduct (*see* 7 NYCRR 270.2 *et seq.*). Following a disciplinary hearing, a hearing officer found the petitioner guilty of the charges and imposed penalties. Upon the petitioner's administrative appeal, the hearing officer's determination was affirmed. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination.

" 'A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence' " (*Matter of Jackson v Gerbing*, 150 AD3d 734, 736 [2017], quoting *Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Bottom v Annucci*, 26 NY3d 983, 984-985 [2015] [internal quotation marks omitted]). "More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt"

(*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). "Essential attributes are relevance and a probative character. Marked by its substance—its solid nature and ability to inspire confidence, substantial evidence does not rise from bare surmise, conjecture, speculation or rumor" (*id.* at 180 [citations omitted]). "A court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency" (*id.* at 181). Here, the record did not contain substantial evidence supporting the charges (*see Matter of Jackson v Gerbing*, 150 AD3d at 736; *Matter of Jackson v Annucci*, 149 AD3d 1077, 1078-1079 [2017]; *Matter of Hamlett v Prack*, 139 AD3d 728, 730 [2016]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.