Matter of Smith v Annucci (2018 NY Slip Op 02330)





Matter of Smith v Annucci


2018 NY Slip Op 02330


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-09155
 (Index No. 673/16)

[*1]In the Matter of Willie Smith, petitioner, 
v
Anthony J. Annucci, etc., respondent.


Willie Smith, Attica, NY, petitioner pro se.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of Donald Venettozzi, Director of Special Housing/Inmate Disciplinary Program, on behalf of Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated January 14, 2016, as affirmed so much of a determination of a hearing officer dated October 13, 2015, made after a tier III disciplinary hearing, as found the petitioner guilty of violating Institutional Rules of Conduct rules 114.10 and 180.11 (7 NYCRR 270.2[B][15][i]; [26][ii]) and imposed penalties.
ADJUDGED that the petition is granted, without costs or disbursements, so much of the determination dated January 14, 2016, as affirmed so much of the determination dated October 13, 2015, as found the petitioner guilty of violating Institutional Rules of Conduct rules 114.10 and 180.11 (7 NYCRR 270.2[B][15][i]; [26][ii]) is annulled, the penalties imposed are vacated, those charges are dismissed, and the respondent is directed to expunge all references to those findings from the petitioner's institutional record.
While the petitioner was an inmate at the Green Haven Correctional Facility, he was charged with violating several disciplinary rules. The inmate misbehavior report alleged that the petitioner was found to have smuggled a typewritten letter to another inmate via an envelope addressed from the prison's Nation of Islam "Chaplin's Office." The envelope contained the letter among a number of religious publications. The letter, which was not addressed to a named individual, but only to "brother," included inspirational religious comments by the petitioner. At a tier III disciplinary hearing, the petitioner and the two Nation of Islam chaplains assigned to the facility testified that the petitioner was the inmate facilitator for the prison's Nation of Islam office and that his responsibilities included sending materials to other inmates and corresponding with them on behalf of the chaplains. While neither of the chaplains could recall seeing the specific letter at issue, one acknowledged that typed notes might be sent with the other materials and he opined that there was nothing inappropriate in the note at issue. The other chaplain stated that because he was not at the facility on a daily basis, he relied upon the petitioner to address inmate requests for reading [*2]materials and the petitioner would include inspirational messages with the other materials. At the hearing, the correction officer who filed the inmate misbehavior report against the petitioner was unable to identify the particular policy concerning facility correspondence procedures that he believed the petitioner had violated.
The hearing officer found the petitioner guilty of violating, inter alia, prison disciplinary rule 114.10, which prohibits smuggling (see 7 NYCRR 270.2[B][15][i]), and rule 180.11, which requires compliance with guidelines and instructions given by staff regarding facility correspondence procedures (see 7 NYCRR 270.2[B][26][ii]). Upon the petitioner's administrative appeal, the penalty was reduced, but the hearing officer's determination of guilty was affirmed. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination.
In reviewing a prison disciplinary determination, a court's review of the factual findings is limited to ascertaining whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Bottom v Annucci, 26 NY3d 983, 984; People ex rel. Vega v Smith, 66 NY2d 130, 139; Matter of Archer v Annucci, 153 AD3d 919; Matter of Adamson v Barto, 37 AD3d 597, 598). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Bottom v Annucci, 26 NY3d at 984; People ex rel. Vega v Smith, 66 NY2d at 139).
The charges against the petitioner here were not supported by substantial evidence. Although the inmate misbehavior report charged failure to comply with and follow guidelines and instructions given by staff regarding facility correspondence procedures (see 7 NYCRR 270.2[B][26][ii]), it did not specify any particular guideline or instruction with which the petitioner had failed to comply. Further, the correction officer who authored the report could not identify the particular correspondence policy he believed the petitioner had violated. Accordingly, the finding that the petitioner violated rule 180.11 must be annulled (see 7 NYCRR 270.2[B][26][ii]; Matter of Hamlett v Prack, 139 AD3d 728, 730; Matter of Adamson v Barto, 37 AD3d at 598).
In addition, the hearing evidence established that the petitioner, in his capacity as inmate facilitator for the prison's Nation of Islam office, had duties including sending religious materials to other inmates from the Nation of Islam office, and neither the misbehavior report nor the testifying correction officer identified any regulation prohibiting the petitioner, in that capacity, from including the subject letter with the other materials. Accordingly, the finding that the petitioner violated rule 114.10 must also be annulled (see 7 NYCRR 270.2[B][15][i]; Matter of Adamson v Barto, 37 AD3d at 598; Matter of Rand v Herbert, 219 AD2d 878).
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court