Matter of Cumberland v Annucci (2018 NY Slip Op 03357)





Matter of Cumberland v Annucci


2018 NY Slip Op 03357


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-02194
 (Index No. 1391/16)

[*1]In the Matter of Robert Cumberland, petitioner,
v
Anthony J. Annucci, etc., respondent.


Robert Cumberland, Comstock, NY, appellant pro se.
Barbara D. Underwood, Acting Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Director of the Special Housing/Inmate Disciplinary Program, on behalf of the respondent, Anthony J. Annucci, Acting Commissioner of the Department of Corrections and Community Supervision, dated June 15, 2016, which affirmed a determination of a hearing officer dated April 26, 2016, made after a tier III disciplinary hearing, finding that the petitioner was guilty of violating prison disciplinary rules 113.10 and 113.11 (7 NYCRR 270.2[B][14][i], [ii]), and imposing penalties.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, the determination is annulled, the respondent is directed to expunge all references to the determination from the petitioner's institutional record, and the matter remitted to the respondent for further proceedings in accordance herewith, if the respondent be so advised (see Matter of Harvey v Prack, 143 AD3d 711).
Following a disciplinary hearing, the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was found guilty of violating prison disciplinary rules 113.10 and 113.11 (7 NYCRR 270.2[B][14][i], [ii]). In a determination dated June 15, 2016, the respondent affirmed the hearing officer's determination, and the petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the respondent's determination.
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Adamson v Barto, 37 AD3d 597, 598; see CPLR 7803[4]; Matter of Bryant v Coughlin, 77 NY2d 642, 647; Matter of Jackson v Annucci, 149 AD3d 1077, 1078). "In order to sustain a determination of guilt, a court must find that the disciplinary authorities offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Adamson v Barto, 37 AD3d at 598, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Here, the petitioner contends that the determination that he violated Rule 113.11 (7 NYCRR 270.2[B][14][ii]), which prohibits an inmate from possessing "any authorized item that has [*2]been altered in any manner so as to change its original intent and/or purpose," was not supported by substantial evidence. We agree. There was no evidence submitted at the hearing that the item the petitioner was alleged to have possessed was originally an authorized item. Accordingly, the determination sustaining that charge must be annulled (cf. Matter of Jackson v Gerbing, 150 AD3d 734, 736). We note that the petitioner does not challenge, on substantial evidence grounds, the finding that he violated rule 113.10, which prohibits the possession of weapons (see 7 NYCRR 270.2[b][14][i]).
A prison inmate facing a disciplinary hearing is not entitled to the same level of due process as a criminal defendant (see Matter of Stallone v Fischer, 67 AD3d 125, 128), but there are minimum standards for disciplinary hearings. The rules of the Department of Corrections and Community Supervision expressly provide that inmates have a conditional right to call witnesses:
"The inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals. If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals presented" (7 NYCRR 253.5[a]). Here, the petitioner did not dispute that the item in question was found in his cell, but he contended that the item must have been placed by someone else, and he asked that the superior officer who provided the information upon which a sergeant authorized the search be called as a witness. The hearing officer incorrectly ruled that the superior officer's testimony was not needed simply because, as the sergeant testified, the superior officer had provided reliable information in the past. The hearing officer overlooked the fact that, absent any countervailing consideration, such as a specific threat to institutional safety or correctional goals, the petitioner was entitled to have the superior officer asked about the basis of his knowledge that contraband could be found in the petitioner's cell (cf. People v Oglesby, 121 AD3d 818, 819-820; People v Garcia, 284 AD2d 479, 480).
Since the Department of Corrections and Community Supervision failed to adhere to its own rule in the conduct of the hearing (see Matter of Salinsky v Rodriguez, 155 AD3d 1214, 1215; Matter of Mingo v Chappius, 106 AD3d 1160, 1161), the determination must be annulled, all references to the determination must be expunged from the petitioner's institutional record, and the matter remitted to the respondent for further proceedings, if the respondent be so advised (see Matter of Harvey v Prack, 143 AD3d at 712; Matter of Marshall v Fischer, 103 AD3d 726, 727).
In light of our determination, we need not address the petitioner's remaining contentions.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court