Matter of Nowlin v Titus (2021 NY Slip Op 04822)





Matter of Nowlin v Titus


2021 NY Slip Op 04822


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


400 CA 19-01887

[*1]IN THE MATTER OF QUINTIN A. NOWLIN, PETITIONER-APPELLANT,
v
A. TITUS, DEPUTY SUPERINTENDENT OF PROGRAMS AT GROVELAND CORRECTIONAL FACILITY AND ANTHONY J. ANNUCCI, COMMISSIONER OF CORRECTIONS, RESPONDENTS-RESPONDENTS. 






QUINTIN A. NOWLIN, PETITIONER-APPELLANT PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered July 3, 2019 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. The determination involved two misbehavior reports, one of which stemmed from an incident in the facility library, and the other of which stemmed from the recovery of certain items discovered upon a search of petitioner's cell. As an initial matter, as respondents correctly concede, Supreme Court erred in dismissing the petition as time-barred. The applicable four-month statute of limitations pursuant to CPLR 217 did not begin to run until petitioner received notice of the determination, and respondents failed to meet their burden of establishing that petitioner received such notice more than four months before commencing this proceeding (see Matter of Chrysler v Goord, 49 AD3d 1342, 1343 [4th Dept 2008]). We thus address the substance of petitioner's contentions (see Matter of Jackson v Fischer, 67 AD3d 1207, 1208 [3d Dept 2009]), which we review de novo (see generally Matter of Medina v Graham, 71 AD3d 1598, 1598 [4th Dept 2010]; Matter of Brown v Coughlin, 210 AD2d 1006, 1006 [4th Dept 1994]).
Petitioner failed to preserve for our review his contentions that the Hearing Officer was biased against him and improperly questioned the witness at the hearing (see Matter of Madison v Cunningham, 67 AD3d 1141, 1142 [3d Dept 2009]; see generally Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]). Although petitioner preserved his contention that the Hearing Officer improperly restricted his ability to question the witness at the hearing, that contention lacks merit. Based on the specific charges and allegations against petitioner, the Hearing Officer properly limited petitioner's questions at the hearing to what was "material" (7 NYCRR 254.5 [a]; see Matter of Williams v Annucci, 162 AD3d 1530, 1531 [4th Dept 2018]).
To the extent that petitioner contends that the record lacks substantial evidence to support the determination related to violations arising from the search of his cell or the violation of inmate rule 101.22 (7 NYCRR 270.2 [B] [2] [v]) arising from the incident at the library, those contentions are moot based on the result of petitioner's administrative appeal and the subsequent administrative order reversing those aspects of the determination following the hearing (see Matter of Henderson v Annucci, 175 AD3d 976, 977 [4th Dept 2019]; Matter of Smith v Annucci, [*2]173 AD3d 1685, 1685 [4th Dept 2019]). We reject petitioner's further contention that the record lacks substantial evidence to support the determination related to the remaining violations arising from the incident in the library. Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Green v Sticht, 124 AD3d 1338, 1339 [4th Dept 2015], lv denied 26 NY3d 906 [2015] [internal quotation marks omitted]). We conclude that the relevant misbehavior report and the testimony at the hearing constitute substantial evidence that petitioner violated the charged inmate rules in question pertaining to that incident (see id.).
We likewise reject petitioner's contention that the timing of the administrative hearing violated 7 NYCRR 251-5.1 (a). Here, the record of the administrative hearing reflects that an extension of the relevant time period had been issued (see generally Matter of Melendez v Goord, 242 AD2d 881, 882 [4th Dept 1997]). In any event, "[a]bsent a showing that substantial prejudice resulted from the delay, the regulatory time limits are construed to be directory rather than mandatory" (Matter of Sierra v Annucci, 145 AD3d 1496, 1497 [4th Dept 2016] [internal quotation marks omitted]; see Matter of McMillian v Lempke, 149 AD3d 1492, 1493 [4th Dept 2017], appeal dismissed 30 NY3d 930 [2017]), and any violation of 7 NYCRR 251-5.1 (a) would not, under the circumstances of this case, require reversal.
Petitioner's further contention that his rights were violated by the confiscation of a book from his cell is not properly before us on this appeal arising from the disciplinary determination (see generally Matter of Bennefield v Annucci, 122 AD3d 1329, 1330 [4th Dept 2014]). We have considered petitioner's remaining contentions and conclude
that they do not warrant reversal or modification of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court